**Arnold & Porter**

Joseph Farris
+415.471.3454 Direct
Joseph.Farris@arnoldporter.com

October 31, 2024

<u>V<small>IA</small> C<small>ERTIFIED</small> M<small>AIL AND</small> E-<small>MAIL</small> (<small>AWOLINSKY@BATHAEEDUNNE.COM</small>)</u>

Andrew Chan Wolinsky, Esq.
BATHAEE DUNNE LLP
445 Park Avenue, 9th Floor
New York, NY  10022

    Re:    *Adobe Customer Claims*

Dear Mr. Wolinsky:

    Arnold & Porter is legal counsel for Adobe Inc. ("Adobe").  I write in response to your letter dated October 1, 2024 concerning the claims of the 1,125 individuals that you and the other law firms listed in your letter purport to represent ("Claimants").  As we understand it, in addition to your letter, Adobe has received two boxes of "Notice[s] of Claims" for those clients ("Notices").  The first box was received on October 2, 2024 (with a packing slip containing a hyperlink to electronic versions of Notices).  A second box was received on October 22, 2024.  Given that the same cover letter dated October 1, 2024 was received with the second box, we presume that both boxes provide either identical Notices for the same set of 1,125 Claimants or are a different part of the same overall set of Notices.  In order to understand exactly the full scope of the claims, as an initial matter, we request that you provide a list of the names of each of your clients and their identifying information (in Excel format), and an explanation of how the Notices in these two boxes relate to each other.

    As your letter acknowledges, the Adobe Terms of Use ("Terms") require individuals to provide a Notice of Claim to Adobe and to engage in the Informal Dispute Resolution Process before initiating legal action about a dispute.  Adobe values its customer relationships, which frequently last for many years, and has found that the vast majority of customer issues can be resolved to the satisfaction of the customer by communication with its Customer Care team.  Where efforts to resolve issues by contacting Customer Care are unsuccessful, the Terms set forth the requirements of the Informal Dispute Resolution Process in Section 14.1, which provide, in part:

> If you have any concern or dispute that Adobe Customer Care is unable to resolve ("Claim"), you agree to first try to resolve the dispute informally and in good faith by contacting us and providing a written Notice of Claim to the address provided in section 18.2 (Notice to Adobe).  The Notice of Claim must provide Adobe with fair notice of your identity, a description of the nature and basis of your Claim, and the relief you are seeking,

# Arnold & Porter

Andrew Chan Wolinsky, Esq.
October 31, 2024
Page 2

including the specific amount of any monetary relief you are seeking, and cannot be combined with a Notice of Claim for other individuals.

The purpose of this provision is to require fair notice of each customer's individualized claim to enable a meaningful opportunity to evaluate and resolve the claim before any dispute goes to arbitration or small claims court.

The Notices by Claimants do not comply with Section 14.1. First, each Notice was "combined with a Notice of Claim for other individuals," i.e., the Notices for your other 1,124 clients that were delivered in the same box(es). Further, as far as Adobe can discern from sampling, the Notices appear to be one-size-fits-all cut-and-pastes of each other, which position each of your individual clients as if their circumstances and claims are identical. Indeed, the apparently mass-produced Notices reference demands on behalf of a group of "Claimants" despite purporting to be individualized demand notices.

For this reason, the Notices fail to adequately describe "the nature and basis of the Claim" for each of your clients and "the relief" each client is seeking, including "the specific amount of monetary relief" for each of them, as also required by Section 14.1. Based on the Notices, it appears that the gravamen of each individual's claim is the allegation that Adobe violated California's Automatic Renewal Law ("CARL"), False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and California Legal Remedies Act ("CLRA") by not clearly and conspicuously disclosing the terms of its Annual, Paid Monthly ("APM") subscription plans during their enrollment. This claim lacks merit, as those disclosures are readily in Adobe's enrollment flows. However, no individualized detail of any Claimant's particular experience and claim is provided that would allow Adobe to further respond to any purported claim or attempt to resolve the dispute.

Far from clarifying the individual claims, your cover letter provides a laundry list of allegations that are outside the scope of the Notices and which could not possibly apply to each and every Claimant. For example, the letter asserts separate allegations that Adobe's "advertising" "implies flexibility," and that Adobe has a "burdensome and confusing [cancellation] process" that sometimes involves a "maze of pages on Adobe's website" and sometimes involves a "telephonic process" with "dropped calls, repeated transfers, attempts to persuade customers to retain their descriptions, and other impediments designed to deter cancellation," among many other accusations.

There is no way to discern from these Notices and your letter how any specific individual claims they were deceived or wronged, and it is impossible that each of them shared the exact same experience and relied on the same information and expectations with regard to navigating Adobe's subscription enrollments flows, subsequent renewals, and/or purported attempts to cancel

# Arnold&Porter

Andrew Chan Wolinsky, Esq.
October 31, 2024
Page 3

subscriptions. Indeed, a review of handful of random samples of Notice of Claims clearly illustrates how these individuals could not have possibly had uniform experiences. For example:

**Damian Kennedy**. According to Adobe records, Kennedy has been an APM subscriber for Creative Cloud since June 2, 2018. Kennedy's Notice states nothing about how he specifically claims to have been deceived, e.g., whether it was when Kennedy first signed up as a customer in 2018, at some point during the last 6+ years Kennedy has been an Adobe subscriber, or if he is alleging that there is an issue with a cancellation process even though he is an ongoing customer. Nor does it state exactly what relief Kennedy demands, including the specific amount of any monetary relief.

**Jennifer Schulz**. According to Adobe records, Schulz was an APM subscriber for Acrobat Pro from February 7, 2019 to December 6, 2019. Therefore, it appears that Schulz successfully cancelled near the end of her annual subscription after around 10 months of use. However, Schulz's Notice also states nothing about how she specifically claims to have been deceived or how she could have a claim regarding cancellation when she in fact successfully cancelled her contract. Nor does it state exactly what relief Schulz demands, including the specific amount of any monetary relief. Further, any claim by Schulz would have arisen no later than 2019 and appears to be untimely on its face.

**Whitney Elmore**. According to Adobe records, Elmore has entered 15 separate individual subscription agreements with Adobe since 2019 (for products such as Creative Cloud, Photography Plan, Acrobat Pro, Lightroom, Illustrator) and maintains several active subscriptions. Therefore, it appears clear that Elmore has extensive familiarity with Adobe's enrollment and cancellation processes and that Elmore could not have possibly been deceived each and every time upon enrollment, renewal, or cancellation over the years. However, Elmore's Notice also states nothing about how Elmore specifically claims to have been deceived and for which subscription. Nor does it state exactly what relief Elmore demands, including the specific amount of any monetary relief.

**Kevin Baute.** Adobe cannot locate any record that a customer with this identifying information exists based on the information you have provided. As with the others, Baute's demand states nothing about how Baute specifically claims to have been deceived. Nor does it state exactly what relief Baute demands, including the specific amount of any monetary relief.

**Lamarne Margeotes**. Adobe cannot locate any record that a customer with this identifying information exists based on the information you have provided. As with the others, Margeotes' demand states nothing about how Margeotes specifically claims to have been deceived. Nor does it state exactly what relief Margeotes demands, including the specific amount of any monetary relief.

# Arnold & Porter

Andrew Chan Wolinsky, Esq.
October 31, 2024
Page 4

      For all of these reasons, all of the Notices (and not just the examples cited here) do not meet the requirements of the Information Dispute Resolution Process in the Terms.[1] If your intent is truly to comply with the Informal Dispute Resolution Process, as you have indicated, you must provide revised, individualized Notices that are in compliance with the Terms for each of your clients.

      ***Singh v. Adobe Inc.*, No. 3:24-cv-03980 (N.D. Cal. Jul 01, 2024)**. Finally, we assume you are aware that there is a pending lawsuit in California that purports to seek representation of a class of persons asserting claims against Adobe under, *inter alia*, California's Automatic Renewal Law. *Singh v. Adobe Inc.*, No. 3:24-cv-03980 (N.D. Cal. Jul 01, 2024). Given your affirmation of the Terms on behalf of your clients (which include a Class Action Waiver) and your stated intent to pursue relief through the procedures outlined in the Terms (unlike Mr. Singh and the putative class he seeks to represent), we understand that your clients have been informed of the potential consequences of these actions with respect to that case.

Sincerely,

Joe Farris

cc:    Raphael Janove, Esq.
        Janove PLLC
        500 7th Avenue, 8th Floor
        New York, NY 10018
        raphael@janove.law

        Matt Harley, Esq.
        Hartley Law PLLC
        300 E. Van Burren Street, 3rd Floor
        Phoenix, AZ 85004
        matt.hartley@hartleylawusa.com

        Jedediah Wakefield, Esq.
        Fenwick & West LLP
        555 California Street, 12th Floor
        San Francisco, CA 94104
        jwakefield@fenwick.com

---

[1] In the case of each Claimant identified above, the person identified in the Notice is a resident of a state other than California—giving rise to serious doubt about their ability to assert California state law claims. This is yet a further reason why we need a detailed explanation of their individual claims.