**Arnold & Porter**

Joseph Farris
+415.471.3454 Direct
Joseph.Farris@arnoldporter.com

May 30, 2025

<u>VIA EMAIL</u>

Matthew Levington
mlevington@jamsadr.com
Arbitration Practice Manager - West
JAMS

Re:   JAMS. Ref. 1601005422: *Janove PLLC / Bathaee Dunne LLP / Hartley Law PLLC – Adobe Inc. Filings*

Dear Mr. Levington:

We represent Adobe Inc. ("Adobe") in the above matter and submit this response to the 100 Demands for Arbitration submitted by Claimants by the same group of law firms on the same day last week. All 100 claimants make what appear to be the same allegations regarding Adobe's automatic renewal programs. Because the amount at issue for each claimant is well below the $12,500 small claims court threshold, Adobe is exercising its right to have these claims decided in small claims court.

As Claimants' Demands for Arbitration acknowledge, the Adobe Terms of Use ("Terms") govern the relationship between Claimants and Adobe. Section 14.5 allows either party to have qualifying claims like these decided in small claims court:

> [E]ither party may elect to have any Claim that is subject to the jurisdiction of small claims court decided in small claims court in Santa Clara County, California, USA, or the county of your residence. If either party files a Claim in arbitration that could have been brought in small claims court, the other party may provide notice that it wants the case decided in small claims court before the appointment of an arbitrator, and the arbitrator ***shall*** administratively close the case ***before assessing any fees***, and the party bringing the Claim ***must*** proceed in small claims court in lieu of arbitration. ***Any dispute about whether a Claim qualifies for small claims court shall be resolved by that court, not by an arbitrator.*** In the event of any such dispute, the arbitration proceeding shall remain closed unless and until a decision by the small claims court that the Claim should proceed in arbitration.

Section 14.5 of Adobe's Terms (emphasis added). Accordingly, the agreement between the parties requires JAMS to administratively close these matters before assessing any fees.

# Arnold & Porter

Matthew Levington
May 30, 2025
Page 2

  To the extent Claimants object to Adobe's election, they are free to do so. However, the parties' agreement at Section 14.5 makes clear that any objections to a small claims election must be heard and decided by the small claims court, not by an arbitrator. The court is the best judge of its own jurisdiction, for one thing, and this provision is also intended to protect Adobe's rights under the contract by preventing the assessment of arbitration fees in matters that are properly decided in small claims court pursuant to either party's election. For this reason, the parties' agreement requires the matter to be administratively closed immediately and before any fees are assessed, including any fees that might be assessed to determine a jurisdictional dispute. For reference, JAMS has previously honored these same contractual terms in comparable circumstances, such as last year in the matter referenced at **Exhibit A** to this letter.[1]

  In this case, it would be particularly inappropriate to allow Claimants to seek to impose fees on Adobe rather than accede to the jurisdiction of small claims court because it is facially implausible that these claims even come remotely close to exceeding the small claims jurisdictional threshold. As an initial matter, the Demands fail to include any monetary demand. Claimants left the "Amount in Controversy" field blank and do not reference any demand in the attached "detailed statement of Claimant's claims" at Exhibit A. This alone is reason to honor the election to send them to small claims court.

  Separately, it is evident from the nature of the claims that they would necessarily qualify for small claims court. Claimants each allege that they have "paid subscription fees to Adobe" for Annual, Paid Monthly ("APM") plans, that "Adobe's cancellation process lacks clear, upfront disclosures about renewal terms or cancellation fees," and that "Adobe's early termination fees for annual plans—often hidden in fine print—can be unexpectedly high, discouraging consumers from canceling." However, presuming these were individual subscriptions (and there is zero reason to think they were not), the ***maximum*** possible cancellation fees any user could have been assessed for cancelling a subscription to Adobe's full "Creative Cloud – All Apps" suite of products in a given year was no more than a few hundred dollars. Indeed, a sampling of the first 20 claimants by alphabetical order shows that 16 out of 20 claimants have ***never*** been charged an early termination fee at all (which raises separate serious questions about the diligence of Claimants' counsel in investigating these claims), and the other 4 of 20 claimants have been assessed ***combined*** early termination fees of $72.48. Where, under most circumstances, economic damages are contractually limited to the "aggregate amount that [each customer] paid for access to the Services and Software during the three-month period preceding the event giving rise to the liability" and there are no other theories of damage pleaded, economic damages for those 20 Claimants are necessarily under the small claims limit.

---

[1] For privacy, the names of the Claimants have been redacted, but the JAMS reference numbers for these matters are visible.

# Arnold&Porter

Matthew Levington
May 30, 2025
Page 3

  Independently, Claimants also failed to comply with another prerequisite to arbitration: the Informal Dispute Resolution procedures mandated by the Adobe Terms of Use. Those terms require customers to provide a Notice of Claim to Adobe and to engage in an Informal Dispute Resolution Process before initiating legal action, as set forth in Section 14.1 of the Terms (which include a requirement to provide "fair notice of your identity, a description of the nature and basis of your Claim, and the relief you are seeking, including the specific amount of any monetary relief you are seeking" and prohibit a notice being "combined with a Notice of Claim for other individuals"). The purpose of this provision is to require an individualized fair notice of each customer's claim to enable a meaningful opportunity to evaluate and resolve the claim before any dispute goes to arbitration or small claims court. Independently, Claimants' failure to comply with the Informal Dispute Resolution process would also justify administratively closing this matter.

  Finally, although none of these Demands qualifies for arbitration (as set forth above), assuming they did, we note that under the provision of the Terms related to "Coordinated Actions" (Section 14.4), JAMS would need to make individual determinations with respect to how fees would be assessed for each Demand, including, for example, whether these Claimants using Adobe products for commercial purposes should split fees because they do not qualify as "consumers."

  We appreciate your attention to this matter.

Sincerely,

Joe Farris

# EXHIBIT A



July 23, 2024

NOTICE TO ALL PARTIES

    Re:    **Swigart Adobe, Inc. Filings**
            Ref. No.: 1601003995
            Ref. No.: 5240001557
            Ref. No.: 5240001554
            Ref. No.: 5240001551
            Ref. No.: 5240001558
            Ref. No.: 5240001550
            Ref. No.: 5240001553
            Ref. No.: 5240001555
            Ref. No.: 5240001561

Dear Parties:

JAMS has received and reviewed Respondent's request to withdraw Invoice No. 7217894, dated June 24, 2024, and Claimants' response thereto for JAMS Reference No. 1601003995. As the parties know, the invoice in question seeks filling fees in connection with 49 Demands for Arbitration filed by Swigart Law Group on behalf of individual Claimants against Respondent.

On July 5, Respondent advised JAMS and counsel for Claimants that Respondent "is exercising its right to have [the claims] decided in small-claims court." (JAMS has also received and reviewed Claimants' July 22 response.) The small-claims election applied to the 49 Demands submitted under JAMS Reference No. 1601003995 as well as the following individual Demands separately submitted:

(1) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001557)
(2) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001554)
(3) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001551)
(4) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001558)
(5) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001550)
(6) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001553)
(7) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001555)
(8) ▮▮▮▮▮▮▮ (JAMS Ref. No. 5240001561)

The parties' arbitration clause states in relevant part:

> ". . . either party may elect to have any Claim that is subject to the jurisdiction of small claims court decided in small claims court in Santa Clara County, California, USA, or the county of your residence. If either party files a Claim in arbitration that could have been brought in small claims court, the other party may provide notice that it wants the case decided in small claims court before the appointment of an arbitrator, and the arbitrator shall administratively close the case before assessing any fees, and the party bringing the Claim must proceed in small claims court in lieu of arbitration. Any dispute about whether a Claim qualifies for small claims court shall be resolved by that court, not by an arbitrator. In the event of any such dispute, the arbitration

proceeding shall remain closed unless and until a decision by the small claims court that the Claim should proceed in arbitration." General Terms of Use, sec. 14.5.

In light of this contractual provision and Respondent's election to proceed in small claims court, JAMS is unable to proceed with the administration of these Demands at this time. Accordingly, JAMS will withdraw Invoice No. 7217894. If the parties agree or a court compels the parties to proceed in arbitration, JAMS will resume administration.

Sincerely,

Matthew Levington
Arbitration Practice Manager - West
mlevington@jamsadr.com

**PROOF OF SERVICE BY E-Mail**

Re: Swigart Adobe, Inc. Filings
Reference No. 1601003995
Reference No. 5240001557
Reference No. 5240001554
Reference No. 5240001551
Reference No. 5240001558
Reference No. 5240001550
Reference No. 5240001553
Reference No. 5240001555
Reference No. 5240001561

I, Matthew Levington, not a party to the within action, hereby declare that on July 23, 2024, I served the attached LETTER DATED JULY 23, 2024 on the parties in the within action by electronic mail at Irvine, CALIFORNIA, addressed as follows:

Joshua B. Swigart Esq.
Noah J. Larsh Esq.
Spencer L. Pfeiff Esq.
Swigart Law Group
2221 Camino del Rio S.
Ste 308
San Diego, CA   92108
Phone: 866-219-3343
josh@swigartlawgroup.com
noah@swigartlawgroup.com
spencer@swigartlawgroup.com
   Parties Represented:

Daniel Guinn Shay Esq.
L/O Daniel G. Shay
2221 Camino Del Rio S.
Ste 308
San Diego, CA   92108
Phone: 866-219-3343
danielshay@sandiegobankruptcynow.com
   Parties Represented:

Rachel A. Straus Esq.
Jessica Wahl Esq.
Shook, Hardy & Bacon, LLP
2049 Century Park East
Suite 3000
Los Angeles, CA   90067
Phone: 424-285-8330
rstraus@shb.com
jwahl@shb.com
   Parties Represented:
   Adobe Inc.

Joan Alexis Rabutaso Camagong Esq.
Shook, Hardy & Bacon, LLP
555 Mission St
Suite 2300
San Francisco, CA   94105
Phone: 415-544-1900
jcamagong@shb.com
   Parties Represented:
   Adobe Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at Irvine, CALIFORNIA on July 23, 2024.

_____
Matthew Levington
JAMS
mlevington@jamsadr.com