DOUGLAS A. WINTHROP (No. 183532)
douglas.winthrop@arnoldporter.com
JEREMY T. KAMRAS (No. 237377)
jeremy.kamras@arnoldporter.com
JOSEPH FARRIS (No. 263405)
joseph.farris@arnoldporter.com
TOMMY HUYNH (No. 306222)
tommy.huynh@arnoldporter.com
NINA LEVITEN (No. 351970)
nina.leviten@arnoldporter.com
MARK E. RAFTREY (No. 352610)
mark.raftrey@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   415-471-3100
Facsimile:   415-471-3400

*Counsel for Defendant*
ADOBE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DUSTIN FORET,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADOBE INC.,<br><br>                    Defendant. | Case No. 5:25-cv-9221-PCP<br><br>**DEFENDANT ADOBE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, STAY, AND/OR STRIKE**<br><br>Assigned to: Hon. P. Casey Pitts<br><br>Date:  April 2, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 8 – 4th Floor |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................................1

II.   ARGUMENT .......................................................................................................2

    A.    This Action Should Be Dismissed Or, Alternatively, Stayed As Duplicative Of *Wohlfiel* ...........................................................................................................2

        1.    This Action Should Be Dismissed Under The First-To-File Rule ..................2

        2.    Alternatively, This Action Should Be Stayed Under The Doctrine Against Claim Splitting ..............................................................................................3

        3.    Alternatively, The Court Should Stay This Action Under Its Inherent Authority .......................................................................................................4

    B.    Plaintiff Failed To Comply With The Conditions Precedent To Filing Suit ..............4

    C.    Plaintiff's Claims Fail As A Matter Of Law ...........................................................6

        1.    Plaintiff's Claims Are Barred By The One-Year Contractual Limitations Period ...........................................................................................................6

        2.    Plaintiff Fails To Allege Reliance On Fraudulent Statements Sufficiently ...10

        3.    Plaintiff's Claims Alleging That The "Annual, Billed Monthly" Plan Is Misleading Fail To State A Claim As A Matter Of Law ...............................12

        4.    Plaintiff Does Not Allege He Is A Consumer As The CLRA Requires ........12

        5.    Plaintiff Fails To Allege Any Entitlement To Equitable Relief ...................12

        6.    Plaintiff Fails To Allege Entitlement To Declaratory Relief .......................13

    D.    Plaintiff Cannot Pursue Class Claims Because The TOU Includes An Enforceable Class Action Waiver ..........................................................................................14

III.  CONCLUSION ..................................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

<u>Cases</u>

4

*Am. Express Co. v. Italian Colors Rest.*,
5
    570 U.S. 228 (2013)................................................................................15

6

*BankAmerica Pension Plan v. McMath*,
7
    2000 WL 1721087 (N.D. Cal. Nov. 15, 2000) ...............................................6

8

*Bazrganian v. Mercedes-Benz USA*,
    2017 WL 4990517 (C.D. Cal. Oct. 31, 2017)...................................................2

9

*Bell Atl. Corp. v. Twombly*,
10
    550 U.S. 544 (2007)................................................................................12

11

*Bielski v. Coinbase, Inc.*,
    87 F.4th 1003 (9th Cir. 2023) ....................................................................7
12

13

*Bonhomme v. Uber Techs., Inc.*,
    2025 WL 1745729 (N.D. Cal. June 24, 2025) ...............................................15

14

*Bowles v. Leprino Foods Co.*,
15
    2020 WL 3256845 (E.D. Cal. June 16, 2020) .................................................4

16

*Caldwell v. Nordic Naturals*,
    709 F. Supp. 3d 889 (N.D. Cal. 2024) ........................................................13
17

18

*Castillo v. Prime Hydration LLC*,
    748 F. Supp. 3d 757 (N.D. Cal. 2024) ........................................................13

19

*China Agritech, Inc. v. Resh*,
20
    584 U.S. 732 (2018)..................................................................................3

21

*Christensen v. Zions Bancorporation*,
    2023 WL 2212753 (S.D. Cal. Jan. 24, 2023).................................................10
22

23

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2021) ........................................................13

24

*Da Silva v. DSW Shoe Warehouse*,
25
    2025 WL 3187760 (N.D. Cal. Nov. 14, 2025) ...............................................15

26

*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015) ..................................................................11

27

*Darnaa, LLC v. Google, Inc.*,
28
    2015 WL 7753406 (N.D. Cal. Dec. 2, 2015).................................................9

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ...............................................................13

*Davis v. Tech. Credit Union*,
  2023 WL 3276600 (N.D. Ohio May 5, 2023)...............................................3

*Discover Bank v. Superior Court of Los Angeles*,
  36 Cal. 4th 148 (2005) ....................................................................15

*Dolores Press, Inc. v. Robinson*,
  766 F. App'x 449 (9th Cir. 2019) ..........................................................3

*Dowell v. WinCo Holding, Inc.*,
  2023 WL 5276609 (C.D. Cal. July 17, 2023).................................................3

*Evanston Ins. Co. v. Roman Cath. Bishop of Orange*,
  759 F. Supp. 3d 1019 (C.D. Cal. 2024) ....................................................14

*Fischer v. Instant Checkmate LLC*,
  2022 WL 971479 (N.D. Ill. Mar. 31, 2022)...........................................14, 15

*Flores v. Barr*,
  934 F.3d 910 (9th Cir. 2019) ..............................................................9

*Frasco v. Flo Health, Inc.*,
  349 F.R.D. 557 (N.D. Cal. 2025)...........................................................8

*Gerber v. Twitter, Inc.*,
  2024 WL 5173313 (N.D. Cal. Dec. 18, 2024)................................................8

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ....................................................15

*Italian Colors. Maldini v. Marriott Int'l*,
  140 F.4th 123 (4th Cir. 2025) ...........................................................15

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...........................................................11

*Lange v. Schilling*,
  163 Cal. App. 4th 1412 (2008) ............................................................5

*Little Seeds Children's Ctr., Inc. v. Citibank, N.A.*,
  2025 WL 3141496 (N.D. Cal. Nov. 10, 2025) ..............................................13

*Manderson-Saleh v. Regents of University of California*,
  60 Cal. App. 5th 674 (2021) ..............................................................6

*Martrano v. Quizno's Franchise Co.*,
  2009 WL 1704469 (W.D. Pa. June 15, 2009)...............................................15

- iii -

*McColley v. Pac. Maritime Ass'n*,
  2026 WL 97995 (S.D. Cal. Jan. 13, 2026)................................................................3

*Meyer v. Kalanick*,
  185 F. Supp. 3d 448 (S.D.N.Y. 2016)......................................................................14

*Mohamed v. Uber Techs., Inc.*,
  848 F.3d 1201 (9th Cir. 2016) ..................................................................................15

*Moreno v. Castlerock Farming & Transp., Inc.*,
  2013 WL 1326496 (E.D. Cal. Mar. 29, 2013) ............................................................4

*Murphy v. Olly Pub. Benefit Corp.*,
  651 F. Supp. 3d 1111 (N.D. Cal. 2023) ....................................................................13

*Naranjo v. Nick's Mgmt., Inc.*,
  652 F. Supp. 3d 737 (N.D. Tex. 2023) .................................................................14, 15

*Oberstein v. Live Nation Ent., Inc.*,
  60 F.4th 505 (9th Cir. 2023) ......................................................................................8

*Pacesetter Sys., Inc. v. Medtronic*,
  678 F.2d 93 (9th Cir. 1982) ........................................................................................2

*Ponkey v. LLR, Inc.*,
  2025 WL 3034693 (9th Cir. Oct. 30, 2025)..............................................................10

*Price v. Apple, Inc.*,
  2022 WL 1032472 (N.D. Cal. Apr. 6, 2022) ..............................................................8

*Ray v. Google LLC*,
  2023 WL 7305048 (N.D. Cal. Nov. 6, 2023) ..............................................................7

*Ronderos v. USF Reddaway, Inc.*,
  114 F.4th 1080 (9th Cir. 2024) ................................................................................10

*Savada v. RRH Energy Servs. LLC*,
  --- F. Supp. 3d ---, 2025 WL 3018773 (D. Md. Oct. 29, 2025)..................................3

*Schulz v. BMW of N. Am., LLC*,
  472 F. Supp. 3d 632 (N.D. Cal. 2020) ......................................................................6

*Shaterian v. Wells Fargo Bank, N.A.*,
  829 F. Supp. 2d 873 (N.D. Cal. 2011) ....................................................................14

*Sinatro v. Barilla Am.*,
  635 F. Supp. 3d 858 (N.D. Cal. 2022) ....................................................................13

*Singh v. Adobe Inc.*,
  797 F. Supp. 3d 1038 (N.D. Cal. 2025) ...........................................................6, 7, 8

- iv -

*Suchite v. ABM Aviation*,
 741 F. Supp. 3d 878 (S.D. Cal. 2024).....................................................................15

*Taylor v. Amazon.com Servs. LLC*,
 2025 WL 307469 (E.D. Cal. Jan. 27, 2025) ...............................................................4

*Teyco Int'l v. Bosch Packaging Tech.*,
 2017 WL 7171718 (C.D. Cal. Aug. 15, 2017)...............................................................9

*Tompkins v. 23andMe, Inc.*,
 2014 WL 2903752 (N.D. Cal. June 25, 2014) ..............................................................8

*Tompkins v. 23andMe, Inc.*,
 840 F.3d 1016 (9th Cir. 2016) ............................................................................9, 10

*United States v. Adobe, Inc.*,
 791 F. Supp. 3d 966 (N.D. Cal. 2025) ......................................................................12

*Vance v. Google LLC*,
 2021 WL 534363 (N.D. Cal. Feb. 12, 2021) ...............................................................4

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) ................................................................................11

*Vianu v. AT&T Mobility LLC*,
 2020 WL 3103797 (N.D. Cal. June 11, 2020) ............................................................13

*Vine v. PLS Fin. Servs., Inc.*,
 807 F. App'x 320 (5th Cir. 2020) ............................................................................14

*Williams v. Gerber Prods. Co.*,
 552 F.3d 934 (9th Cir. 2008) ..................................................................................11

*Wohlfiel v. Adobe*,
 No. 5:25-cv-6562-NC (N.D. Cal.) ..................................................................1, 2, 3, 4

*Young v. Shoe Palace Corp.*,
 2021 WL 2783719 (S.D. Cal. July 2, 2021) .................................................................4

*Zhang v. Ancestry.com Operations Inc.*,
 2022 WL 718486 (N.D. Cal. Mar. 10, 2022)................................................................3

- v -

1   **I.      INTRODUCTION**

2          Plaintiff's lawsuit challenging Adobe's annual, billed monthly ("ABM") subscription is his

3   latest gambit to skirt the Terms of Use ("TOU") to which he agreed.  The TOU set forth an orderly,

4   efficient, and fair process to resolve disputes on their merits.  But Plaintiff has not engaged in that

5   process in good faith at any step of the way.  Instead, his lawyers have weaponized his (and other

6   individuals') claims as part of a scheme to pursue mass arbitration and related, costly arbitration fees

7   against Adobe.  Plaintiff's Opposition underscores that his lawsuit should be dismissed.

8          The Opposition does not identify any relevant difference between this action and an earlier-

9   filed action in this district:  *Wohlfiel v. Adobe*, No. 5:25-cv-6562-NC (N.D. Cal.).  This duplicative

10  suit should be dismissed under the first-to-file rule, or, at least, stayed pending *Wohlfiel*'s resolution.

11         Even if the Court declines to do either, it should dismiss Plaintiff's claims for other reasons.

12  Plaintiff's own allegations show that he has not complied with the TOU's dispute resolution

13  requirements.  This alone is fatal to his claims.  Plaintiff also concedes that, if applied, the TOU would

14  bar his claims because he did not bring them within one year.  Seeking to avoid this contractual

15  limitations period, Plaintiff argues that this provision is unconscionable or, alternatively, does not

16  apply to his CLRA claim.  But the law is otherwise.  This is a standard provision in terms of use,

17  regularly upheld by courts in this district, and requires that Plaintiff's claims be dismissed.

18         Even if that were not so, Plaintiff's claims are defective in myriad further ways.  Plaintiff

19  acknowledges that he must allege reliance, but identifies no allegation in which he specifically asserts

20  that he relied on any of the alleged misstatements or omissions by Adobe.  Plaintiff maintains that a

21  subscription name that begins "Annual" and contains a total of just three words does not convey an

22  ***annual*** commitment to a reasonable consumer, despite Judge Wise's holding that it does.  Plaintiff

23  also acknowledges that CLRA standing as a "consumer" requires personal use and that equitable relief

24  requires the absence of an adequate remedy at law, but points to no (non-conclusory) allegation to

25  those effects.  Instead, as to the latter, he argues injunctive relief is required so that he does not later

26  rely on the very terms about which he is suing now.  This makes no sense.  Finally, Plaintiff effectively

27  concedes the Complaint does not allege a cognizable underlying legal theory for declaratory relief.

28  For each of these reasons, Plaintiff's claims should be dismissed.

## II.    ARGUMENT

### A.    This Action Should Be Dismissed Or, Alternatively, Stayed As Duplicative Of *Wohlfiel*

#### 1.    This Action Should Be Dismissed Under The First-To-File Rule

Dismissal or stay is appropriate under the first-to-file rule because Plaintiff does not dispute that this case was filed after *Wohlfiel*, that it involves similar parties, and that the substantive issues concerning Adobe's "subscription practices" overlap. Opp. at 5. Plaintiff takes issue with the rule's application on three grounds: (1) the cases do not involve "identical" claims, (2) the cases are pending in the same district, and (3) dismissal of this case would prejudice Plaintiff or conflict with Supreme Court precedent. *Id.* at 5-6. None of these have merit.

*First*, the first-to-file rule does not require that cases be "identical"; it is sufficient that "the issues presented in the two suits substantially overlap." *Alvarez v. Safelite Grp.*, 2022 WL 19569839, at *2 (C.D. Cal. Apr. 15, 2022); *see also Bazrganian v. Mercedes-Benz USA*, 2017 WL 4990517, at *3 (C.D. Cal. Oct. 31, 2017) (applying the rule even though plaintiff "asserted some claims that are not alleged in the First-Filed Action" because the actions "have substantial overlap"). The only differences that Plaintiff identifies are speculation that the *Wohlfiel* plaintiffs never attempted arbitration and the existence of an additional declaratory relief claim here. But these differences are immaterial. None of Plaintiff's claims nor Adobe's defenses are predicated on an attempt to arbitrate. And the existence of a declaratory relief claim in this action does not warrant treating it as an entirely different case: Plaintiff's own cited Ninth Circuit case affirmed application of the first-to-file rule where the first action sought "injunctive relief and damages" and the second action sought "declaratory judgment." *Pacesetter Sys., Inc. v. Medtronic*, 678 F.2d 93, 94-96 (9th Cir. 1982) (cited in Opp. at 5).[1]

*Second*, contrary to Plaintiff's assertion (Opp. at 5), courts in this circuit apply the first-to-file rule to cases pending in the same district. Mot. at 8 n.1 (collecting cases). Plaintiff ignores

---

[1] Plaintiff asserts that Judge Cousins "recognized distinctions between the actions" when he decided not to relate the cases, Opp. at 5, but this is unfounded. Adobe does not presume to speculate about his reasons. The most obvious and meaningful distinction for related case purposes is that Plaintiff, unlike the *Wohlfiel* plaintiffs, declined magistrate judge jurisdiction.

these authorities, and instead relies on two cases that declined to decide whether the "rule is inapplicable when the two actions are filed in the same district." And in both, the second-filed action was stayed or consolidated with the first. *Dolores Press, Inc. v. Robinson*, 766 F. App'x 449, 453 (9th Cir. 2019) (finding second action should have been stayed or consolidated with first action); *Zhang v. Ancestry.com Operations Inc.*, 2022 WL 718486, at *7 (N.D. Cal. Mar. 10, 2022) (staying second action under inherent authority).

*Third*, dismissing this case would not prejudice Plaintiff. He argues his claims may be time-barred if class "certification is denied, narrowed, or delayed" in *Wohlfiel*. Opp. at 6. But Plaintiff's own cited Supreme Court case, *China Agritech, Inc. v. Resh*, 584 U.S. 732, 735 (2018), confirmed that the statute of limitations is tolled for individual actions during the pendency of an overlapping class action that is not ultimately certified.

Nor would dismissing this case conflict with Supreme Court precedent concerning judicial management of multiple class actions. Opp. at 6. Although the Supreme Court in *China Agritech* stated that the pendency of parallel class actions is not "necessarily 'needless,'" it went on to note that "district courts have ample tools at their disposal to manage" multiple class action filings, including the ability to "stay, consolidate, or transfer" such proceedings. 584 U.S. at 747-48. Many courts since, including in this circuit, have dismissed second-filed class actions while citing the first-to-file rule. *See, e.g.*, *McColley v. Pac. Maritime Ass'n*, 2026 WL 97995 (S.D. Cal. Jan. 13, 2026); *Dowell v. WinCo Holding, Inc.*, 2023 WL 5276609 (C.D. Cal. July 17, 2023); *Savada v. RRH Energy Servs. LLC*, --- F. Supp. 3d ---, 2025 WL 3018773 (D. Md. Oct. 29, 2025); *Davis v. Tech. Credit Union*, 2023 WL 3276600 (N.D. Ohio May 5, 2023).

### 2.    Alternatively, This Action Should Be Stayed Under The Doctrine Against Claim Splitting

Plaintiff is mistaken that the doctrine against claim splitting "applies only where the causes of action and relief sought are the same and the parties and privies are the same." Opp. at 6 (cleaned up). The doctrine applies where the causes of action arise from the "same transactional nucleus of fact" and the parties in the second action are "adequately represented by someone with the same interests who [is] a party" to the first suit. Mot. at 11-12. That standard is met here because this

case and *Wohlfiel* concern substantially the same factual allegations and the putative class there includes Plaintiff.  *See Moreno v. Castlerock Farming & Transp., Inc.*, 2013 WL 1326496, at *2 (E.D. Cal. Mar. 29, 2013) (for class actions that have not been certified, "[t]he key question is whether they cover the same potential class").  As in *Moreno*, a stay is "the equitable solution" because Plaintiff would not be prejudiced no matter *Wohlfiel*'s outcome:  if the certified *Wohlfiel* class is "narrow, then [he] can move forward to represent" a broader class; if the certified *Wohlfiel* class "is wide, then [this case] would probably be considered duplicative and subject to dismissal"; and "[i]f certification is denied . . . , then [he] may or may not be able to proceed depending upon the specific circumstances."  *Id.* at *2.[2]  Thus, if the Court is not inclined to dismiss or stay this action under the first-to-file rule, the Court should stay this action under the claim splitting doctrine.

### 3.    Alternatively, The Court Should Stay This Action Under Its Inherent Authority

If the Court does neither of the above, it should stay this action under its inherent authority to promote efficiency and conserve resources.  Courts in this Circuit routinely grant such stays— even where no class has been certified in the earlier-filed action.  *See, e.g.*, *Taylor v. Amazon.com Servs. LLC*, 2025 WL 307469, at *6-7 (E.D. Cal. Jan. 27, 2025); *Young v. Shoe Palace Corp.*, 2021 WL 2783719 (S.D. Cal. July 2, 2021); *Vance v. Google LLC*, 2021 WL 534363 (N.D. Cal. Feb. 12, 2021).  Plaintiff offers no response to, and thus concedes, this request.

### B.    Plaintiff Failed To Comply With The Conditions Precedent To Filing Suit

Even if the Court were to decline to dismiss or stay this case for the above reasons, Plaintiff's claims should be dismissed because the Complaint fails to allege compliance with the TOU's conditions precedent to filing suit.  Plaintiff does not dispute that he failed to plead that he contacted Adobe Customer Care, failed to provide a true individualized notice, and failed to engage in any effort to resolve his claim on an individual basis pre-suit.  Instead, he resorts to arguing "substantial compliance"—but his pleading falls far short of satisfying even that more lenient standard (which does not apply in any event).

---

[2] Plaintiff's only cited case, *Bowles v. Leprino Foods Co.*, 2020 WL 3256845 (E.D. Cal. June 16, 2020), is inapposite because it addressed dismissal under the doctrine, not a stay.  *Id.* at *1, 3-4.

*First*, Plaintiff does not dispute that he failed to contact Adobe's Customer Care.  Instead, he argues that "no language [in the TOU] requir[es] a contact with customer care."  Opp. at 8.  But the TOU expressly contemplates exactly that:  "*If* you have any concern or dispute *that Adobe Customer Care is unable to resolve* ("Claim"), you agree to first try to resolve the dispute informally and in good faith by contacting us and providing a written Notice of Claim."  Dkt. 1-1 (TOU) § 14.1 (emphases added).  Plaintiff also argues that he did not have to contact Customer Care because his concerns are about "deceptive trade practices" and do not involve "Services" or "Software."  Opp. at 8 n.1.  That makes no sense:  the "deceptive trade practices" he complains of are plainly founded on this purchase of subscriptions to Adobe software and services.

*Second*, Plaintiff's Notice of Claim did not provide the required individualized information. Mot. at 13-14.  Plaintiff attempts to reduce Adobe's objection to the mere fact that his Notice "was sent in the same box" as "[notices by] approximately 1,000 other individuals."  Opp. at 4, 9.  That is a straw man.  The problem with his Notice is not that it was in proximity to other Notices—it is that the Notices were identical to each other and "combined" all of their allegations on a one-size-fits-all form demand.  *See* TOU § 14.1 ("The Notice of Claim . . . cannot be combined with a Notice of Claim for other individuals").  Plaintiff's Notice could not have described "the nature and basis of [his individual] claim" as the TOU requires in order to permit Adobe to actually address the claim.  *See* Mot. at 13-14.  Indeed, Plaintiff admits his Notice did not even provide the most basic information, such as the "specific [Adobe] services [he] purchased."  Opp. at 9.  Plaintiff also admits that his Notice did not identify "the specific amount of any monetary relief [he is] seeking," which the TOU also requires.  *Compare* Opp. at 9 ("Foret did not give an exact number for these damages") *with* TOU § 14.1 ("The Notice of Claim must provide . . . the specific amount of any monetary relief you are seeking").

Here, because the TOU set forth clear pre-suit conditions precedent, Plaintiff must comply with the TOU as written and cannot excuse his failures by arguing that he substantially complied. *See Lange v. Schilling*, 163 Cal. App. 4th 1412, 1418 (2008) ("The doctrine of substantial compliance is not applicable" where a contract "sets forth a clear and unambiguous condition precedent that must be met . . . before commencing litigation." (emphasis omitted)).  In fact, the

only case Plaintiff cites to support the application of a substantial compliance standard here—*Manderson-Saleh v. Regents of University of California*, 60 Cal. App. 5th 674 (2021)—is easily distinguishable because that court was applying a well-established line of authority applying the standard in the narrow context of beneficiary designations for public employee pensions. *Id.* at 698; *see also BankAmerica Pension Plan v. McMath*, 2000 WL 1721087, at *4 (N.D. Cal. Nov. 15, 2000) (noting that even where it applies, California's substantial compliance standard "is a heavy burden to meet," which requires making "every reasonable effort" to comply (cleaned up)).

Plaintiff's alternative argument that Adobe is "estopped from invoking strict compliance" (Opp. at 8) because it did not accept Plaintiff's deficient Notice is also meritless because Adobe did attempt to engage with Plaintiff to notify him that he had not complied with the Dispute Resolution Procedures; it was *Plaintiff* that refused to provide further information. *See* Dkt. 20-2. Plaintiff, not Adobe, is the party "attempting to avoid the burdens that contract imposes." *See* Opp. at 9 (quoting *Schulz v. BMW of N. Am., LLC*, 472 F. Supp. 3d 632, 639 (N.D. Cal. 2020)).

Plaintiff's noncompliant actions are not mere technicalities—they are material deviations from the Dispute Resolution Procedures that deprived Adobe of the chance to address Plaintiff's concerns under procedures both sides agreed to. These deviations warrant dismissal.

## C.   Plaintiff's Claims Fail As A Matter Of Law

### 1.   Plaintiff's Claims Are Barred By The One-Year Contractual Limitations Period

Plaintiff concedes that the TOU imposes a one-year limitations period and that he failed to file within that period. Opp. at 10. Plaintiff also does not contest the Motion's cited authority that courts regularly affirm such contractual limitations periods, including as they apply to consumer protection statutes. Plaintiff instead argues that the contractual limitations period is unconscionable and "is an illegal waiver of the CLRA." Opp. at 10-14. These arguments fail.

#### a.   The Limitations Period Is Not Unconscionable

As a threshold matter, except for challenges to the delegation provision itself, the TOU delegate to an arbitrator disputes relating to the TOU's "enforceability," including their purported unconscionability. *See* TOU § 14.1; *Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038, 1050-51 (N.D. Cal.

2025) (holding that Adobe's TOU "clearly and unmistakably delegate[] the gateway question of arbitrability to the arbitrator," including "Plaintiffs' unconscionability arguments"). The Motion raised this point and Plaintiff did not refute it. Mot. at 24. Therefore, Plaintiff's claim of unconscionability must apply to the delegation provision itself. *Singh*, 797 F. Supp. 3d at 1051 ("While a party can challenge a delegation clause on unconscionability grounds, 'the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it.'" (quoting *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009-10 (9th Cir. 2023))). It does not, and therefore Plaintiff fails to raise an unconscionability challenge within this Court's jurisdiction.

If the Court considers Plaintiff's unconscionability claim, it fails for the below reasons.

### (i)    Procedural Unconscionability

Plaintiff argues that the limitations period is procedurally unconscionable because the TOU are adhesive and a "surprise." Opp. at 10-11.

But as Adobe pointed out in its Motion, even if the one-year limitations period were within an adhesion contract, because Plaintiff had meaningful alternative choices other than doing business with Adobe, "the level of procedural unconscionability" would be only "slight." *See* Mot. at 21-22 & n.6 (collecting cases); *Ray v. Google LLC*, 2023 WL 7305048, at *8 (N.D. Cal. Nov. 6, 2023) (same). Plaintiff does not refute that he was free to look for creative tools elsewhere and not to enter the TOU, and he has no response to the authorities providing procedural unconscionability is only minimal in such circumstances. *See* Opp. at 10-11.

The TOU are also not presented by "surprise" simply because Plaintiff was "not required to view the Terms or check a box before subscribing to Adobe's software." Opp. at 11. In *Singh v. Adobe*, the court rejected an identical argument after considering terms of use that were presented in the same way as here. *Compare Singh*, Dkt. 38 ¶ 55 *with* Compl. ¶¶ 116, 118. There, the plaintiffs "insist[ed] they did not receive reasonably conspicuous notice" of the TOU because it was in a hyperlink that they did not have to view or click to complete their purchase. 797 F. Supp. 3d at 1047. Disagreeing, the *Singh* court held that the TOU is conspicuous to a reasonable user because: "the advisal regarding acceptance of the [TOU] is . . . displayed directly above . . . the 'Agree and subscribe' button[,] is bolded[,] and states 'By clicking "Agree and subscribe," . . . you also agree

to the [TOU]' . . . which clearly denotes that continued use will act as a manifestation of the user's intent to be bound"; and the TOU hyperlink is "readily apparent" because it is "distinguished from the surrounding text in bright blue font." *Id.* at 1048 (cleaned up) (citing *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516 (9th Cir. 2023)). The same reasoning and conclusion apply here.

Plaintiff's two other arguments regarding "surprise"—that the limitations period is not signaled by its own "header" and that it is "buried" late in the TOU—fare no better. Accepting Plaintiff's argument that the limitations period requires its own, separate heading would mean ***every*** (material) term in ***any*** TOU would need a header to avoid an unconscionability attack. That would be a visual disaster likely to confuse consumers, and cannot be right. Further, this is not a case where the location in the TOU could be construed as attempt to obscure the term, as it was beneath a prominent heading, "Notice of Claim and Required Information Dispute Resolution Process," which calls attention to its underlying terms. *Cf. Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *15 (N.D. Cal. June 25, 2014) (finding procedural unconscionability where relevant provision was under the header "miscellaneous"); *Frasco v. Flo Health, Inc.*, 349 F.R.D. 557, 578 (N.D. Cal. 2025) (same). Similarly, accepting the premise that the term appeared too deeply into the TOU would mean ***any*** terms near the end of ***any*** TOU are "hidden." That cannot be right. Some term is always at the end.[3]

Plaintiff has failed to show procedural unconscionability.

### (ii)    Substantive Unconscionability

Even assuming there is some "slight" procedural unconscionability present here, Plaintiff bears the burden of demonstrating substantial substantive unconscionability. *Price v. Apple, Inc.*, 2022 WL 1032472, at *3 (N.D. Cal. Apr. 6, 2022) ("Procedural and substantive unconscionability . . . are evaluated on a 'sliding scale,' which means that the more evidence of procedural

---

[3] Cases on which Plaintiff relies are further inapt because the courts emphasized that the terms of service hyperlinks were not clearly available to customers, in stark contrast to Adobe's conspicuous TOU hyperlink located directly above the Agree and Subscribe button. *Tompkins*, 2014 WL 2903752, at *2, 15 (noting that the hyperlink appeared "at the bottom of" website pages, such that the "user must scroll through a significant amount of information to view" it); *Gerber v. Twitter, Inc.*, 2024 WL 5173313, at *6 (N.D. Cal. Dec. 18, 2024) (noting that the terms of service did not appear on the website's "landing page," and "numerous clicks are supposedly required to navigate to the provisions" (cleaned up)).

1   unconscionability there is, the less evidence of substantive unconscionability is needed to render the

2   agreement unenforceable, *and vice versa*." (emphasis added) (cleaned up)).  He cannot.  Plaintiff

3   argues that the limitations period is "substantively unconscionable because it is unilateral,

4   substantially shortens the limitations period, and is connected to the date of the alleged event, not

5   discovery of the claim."  Opp. at 12.  All three arguments are meritless.

6       *First*, the one-year contractual limitations period is bidirectional between Plaintiff and

7   Adobe.  Under its plain terms, the limitations period in the TOU applies to claims brought pursuant

8   to the TOU **both** by individuals subscribing to the TOU like Plaintiff as against Adobe **and also** by

9   Adobe as against such individuals.  The TOU makes no distinction between the two in the provisions

10  that discuss initiation of legal action (emphases added):

11      [TOU § 14.1] **Neither party** shall initiate legal action until 30 days after the Notice of
        Claim is received. . . . **Claims related to the Terms, Services, or Software are**
12      **permanently barred if not brought within one year of the event resulting in the**
        **Claim.**
13              . . .

14      [TOU § 14.5] If **either party** files a Claim in arbitration that could have been brought
        in small claims court . . . Additionally, **either party** shall be entitled to apply for
15      preliminary injunctive remedies (or an equivalent type of urgent legal relief) in any
        jurisdiction . . . .
16

17

18  Plaintiff argues that "Claims" is defined as limited to "a concern or dispute *that a consumer* has"

19  (Opp. at 13)—but the TOU has no such limiting language.  More, Plaintiff's proposed interpretation

20  would render the numerous references to actions by either party meaningless (*e.g.*, the bolded text

21  above referring to "**neither party**" and "**either party**").  A contract should not be interpreted so as

22  to render clauses meaningless.  *Flores v. Barr*, 934 F.3d 910, 915 (9th Cir. 2019).  The TOU's

23  limitations period is thus bidirectional between Plaintiff and Adobe rather than unidirectional.

24      *Second*, the TOU does not unconscionably shorten the limitations period.  Where contractual

25  limitations periods are bidirectional and shortened to one year like here, the Ninth Circuit and courts

26  therein have upheld them.  *See Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1032-33 (9th Cir. 2016)

27  (bidirectional limitations period shortened to one year was not unconscionable); *Darnaa, LLC v.*

28  *Google, Inc.*, 2015 WL 7753406, at *3-4 (N.D. Cal. Dec. 2, 2015) (same); *Teyco Int'l v. Bosch*

1    *Packaging Tech.*, 2017 WL 7171718, at *1 (C.D. Cal. Aug. 15, 2017) (same).[4]

2        *Third*, the limitations period does not deprive consumers of the discovery rule because,

3    "California courts generally interpret contractual statute of limitations as incorporating California's

4    discovery rule . . . ." *Tompkins*, 840 F.3d at 1033.  Further, Plaintiff does not plead facts that put

5    the rule at issue here.  The TOU's limitations period runs from "the event resulting in the Claim,"

6    but for Plaintiff, that "event" occurred at the latest when he was allegedly charged an ETF and/or

7    faced difficulty cancelling his subscription.  There was nothing left for him to discover to bring a

8    claim at that point, so the discovery rule is not relevant under the facts as pleaded.  *See Christensen*

9    *v. Zions Bancorporation*, 2023 WL 2212753, at *4-7 (S.D. Cal. Jan. 24, 2023) (finding one-year

10   contractual limitations clause enforceable and declining to apply discovery rule where plaintiff had

11   notice of relevant facts relevant when she received bank statements).

12                    **b.    The Limitations Period Applies To Plaintiff's CLRA Claim**

13       The CLRA's anti-waiver provision does not bar enforcement of the TOU's limitations

14   period as to Plaintiff's CLRA claim.  Plaintiff agrees with Adobe that "the Ninth Circuit has held

15   that applying th[is] anti-waiver provision . . . to arbitration would create a conflict with the Federal

16   Arbitration Act." Opp. at 13; *see* Mot. at 16 n.4.  Because the TOU contain an arbitration agreement,

17   and because (contrary to Plaintiff's contention) Adobe has not waived its right to arbitration, *see*

18   Mot. at 23-24, the CLRA's anti-waiver provision is preempted.

19       The Court should thus dismiss all of Plaintiff's claims as untimely.

20                    **2.    Plaintiff Fails To Allege Reliance On Fraudulent Statements Sufficiently**

21       Plaintiff fails to rebut Adobe's assertion that he failed to allege reliance sufficiently because

22   he—not Adobe—gets the pleading standard wrong.  Plaintiff errs by conflating the standard for

23   proving reliance under California law with the federal pleading standard under Rule 9(b).  *See* Opp.

24   at 14.  No matter the standard for proving reliance, as long as a claim is grounded in fraud, it must

25   ――――――――――――
26   [4] In contrast, Plaintiff's cases involve unidirectional limitation periods.  *See* Opp. at 12; *Ponkey v.
     LLR, Inc.*, 2025 WL 3034693, at *2 (9th Cir. Oct. 30, 2025) (mem.) (agreement was unilateral where
     it "require[d] individual consultants to bring any claims against [defendant] within one year"
27   (quotation marks omitted); *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1087-88, 1094 (9th
     Cir. 2024) (provision stating, "I [employee] understand that I must file an Alternative Dispute
     Resolution Request Form . . . within one year . . . or my claim will be waived" "impose[d] those
28   restrictions only on [the plaintiff], and that one-sidedness is unjustified").

1    be pled with sufficient particularity under Rule 9(b). As *Kearns v. Ford Motor Co.*, 567 F.3d 1120

2    (9th Cir. 2009) explained, "[w]hile a federal court will examine state law to determine whether the

3    elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement

4    that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Id.*

5    at 1125. The case Plaintiff cites, *Daniel v. Ford Motor Co.*, 806 F.3d 1217 (9th Cir. 2015), addresses

6    the reliance standard under California law, but does not mention the Rule 9(b) pleading standard,

7    and does nothing to absolve Plaintiff's failure to satisfy the Rule.

8        In his Opposition, Plaintiff points only to alleged misrepresentations or omissions by Adobe

9    and claims he was ignorant of the true terms, but no allegation that he relied on any specific

10   misrepresentations or omissions. Opp. at 14-16. For example, Plaintiff points to his allegations that

11   he "believed he was signing up for a month-to-month subscription," that he "did not know he was

12   committing to a yearlong contract, that the subscription would automatically renew, or that he would

13   be subject to a cancellation penalty," and that had he "known the terms of the subscription, he would

14   not have agreed to it." *Id.* at 16. But these allegations only say *what* Plaintiff believed, but not *why*

15   he believed it. Because Plaintiff fails to allege that he purchased his ABM plan ***in reliance on any***

16   ***specific alleged misrepresentation or omission***, his claims must be dismissed under Rule 9(b).

17       Plaintiff also attempts to sidestep his Rule 9(b) problem by arguing that his allegations raise

18   a question of fact. Opp. at 14-15 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir.

19   2008)). In *Williams*, the court decided a jury should evaluate allegedly misleading fruit snack

20   packaging to determine whether a reasonable consumer would be misled. *Williams*, 552 F.3d at

21   938. Such an evaluation is not necessary where, as here, the question is whether the plaintiff failed

22   to meet the pleading standard of Rule 9(b).

23       Finally, Plaintiff states that Rule 9(b) only applies where claims are "grounded in fraud" and

24   argues that "many of Adobe's statutory violations . . . are not based on fraud." Opp. at 15 n.5 (citing

25   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)). But *Vess* holds that a claim is

26   "grounded in fraud" such that the entire claim must satisfy Rule 9(b) where the plaintiff alleges a

27   "unified course of fraudulent conduct." *Id.* at 1103-04. This is the case here where each of

28   Plaintiff's claims are predicated on the same overall theory of misrepresentation and omission.

1

2

### 3.    Plaintiff's Claims Alleging That The "Annual, Billed Monthly" Plan Is Misleading Fail To State A Claim As A Matter Of Law

3

4    As the Motion pointed out, Judge Wise held that the nature of the ABM plan's annual term

5    commitment was not misleading.  *United States v. Adobe, Inc.*, 791 F. Supp. 3d 966, 984-85 (N.D.

Cal. 2025).[5]  Although her decision is not binding, it should not be ignored.  The facts here are not

6    materially different:  the subscription terms and disclosures are the same in both cases.  *Compare*

7    *id.*, *with* Compl. ¶¶ 97-126.  Based on that record, Judge Wise concluded that "no reasonable

8    consumer" would think the plan "term was more or less than one year."  *United States v. Adobe*,

9    791 F. Supp. 3d at 985.  Nor does it matter that Judge Wise found other theories well-pleaded there

10    or applied ROSCA rather than California law, as Plaintiff articulates no difference between the legal

11    standards.  Her reasoning as to the purported ABM plan's deceptiveness applies here with equal

12    force, as a plan that is called "annual" cannot be reasonably construed as anything else.

13    ### 4.    Plaintiff Does Not Allege He Is A Consumer As The CLRA Requires

14    There is no factual allegation that Plaintiff purchased his subscription for any personal,

15    family, or household purposes, as the CLRA requires for standing.  Plaintiff cannot cure his failure

16    to plead facts supporting one of these purposes by pointing to the boilerplate and conclusory

17    recitation that "Plaintiff and Class members are 'consumers' as defined by California Business and

18    Professions Code § 1761(a)(4), in that they sought or acquired Adobe's software for personal,

19    family, or household purposes."  Opp. at 17 (citing Compl. ¶¶ 138, 257).  Allegations that parrot

20    statutory language are insufficient to state a claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

21    555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

22    ### 5.    Plaintiff Fails To Allege Any Entitlement To Equitable Relief

23    Plaintiff has no basis for injunctive relief because he faces no risk of future harm.  As

24    reflected in his Complaint, Plaintiff now knows the ABM plan's duration and the ETF's existence

25    and calculation.  Given this, Plaintiff's assertion that he could again be deceived "by the ***same***

26    [alleged] unlawful disclosure and renewal practices," Opp. at 18 (emphasis added), is implausible.

27

28    ---

[5] Judge Wise did not, as Plaintiff suggests, find that only the "***title*** 'annual, paid monthly' is not confusing."  Opp. at 16.

Plaintiff's cases are inapt because they concern disclosures regarding the nature of products not readily apparent.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70, 972 (9th Cir. 2018) (plaintiff unable to rely on "flushable" label on wipes without purchasing them to see); *Vianu v. AT&T Mobility LLC*, 2020 WL 3103797, at *1 (N.D. Cal. June 11, 2020) (fee added *after* customers signed up for wireless plan).  In contrast, Plaintiff need only read the TOU (which he is now indisputably well aware of and how to access) to know whether he will be charged an ETF if he seeks to buy another ABM plan.  In similar circumstances, courts have dismissed injunctive relief claims.  *E.g.*, *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906-07 (N.D. Cal. 2021) (distinguishing *Davidson* and finding no threat of future harm because plaintiff "can determine the [vitamin] Products' dosages by consulting the back labels"); *Caldwell v. Nordic Naturals*, 709 F. Supp. 3d 889, 908-11 (N.D. Cal. 2024) (no threat of future harm once plaintiff learned "2X" label did not mean double the omega-3 content); *Sinatro v. Barilla Am.*, 635 F. Supp. 3d 858, 874-75 (N.D. Cal. 2022) (no threat of future harm once plaintiffs learned pasta was made in the U.S., not Italy).[6]

As to other equitable relief, including restitution and disgorgement, Plaintiff concedes that the Complaint includes only conclusory allegations that he lacks an adequate remedy at law.  *See* Opp. at 18 (citing Compl. ¶ 290).  Such "allegations are not sufficient to survive the motion to dismiss."  *Castillo v. Prime Hydration LLC*, 748 F. Supp. 3d 757, 774 (N.D. Cal. 2024) (distinguishing *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111 (N.D. Cal. 2023), where plaintiffs included more detailed allegations regarding inadequacy of legal remedies).

### 6.     Plaintiff Fails To Allege Entitlement To Declaratory Relief

Plaintiff offers no response to Adobe's argument that the Complaint "does not allege a cognizable underlying legal theory" for declaratory relief.  Mot. at 20.  He argues only that "[a]t the pleading stage, the Court's role is limited to determining whether a justiciable controversy exists."  Opp. at 19.  Not so.  Plaintiff "conflates the 'case and controversy' justiciability inquiry under the

---

[6] Being a current subscriber to a different Adobe plan (an annual, *prepaid* plan) does not create a threat of future harm as Plaintiff claims.  *See Little Seeds Children's Ctr., Inc. v. Citibank, N.A.*, 2025 WL 3141496, at *10 (N.D. Cal. Nov. 10, 2025) (dismissing injunctive relief claims and stating in dicta that hypothetical plaintiffs "may have standing to pursue injunctive relief if, for example, they are still [the defendant's] customers"); *cf. Vianu*, 2020 WL 3103797, at *9 (finding threat of future harm where customers subscribed to the ***same*** plan they alleged was deceptive).

Declaratory Judgment Act with an ***independent requirement*** under the Federal Rules of Civil Procedure ***that a pleading state a legally cognizable claim upon which relief can be granted***." *Evanston Ins. Co. v. Roman Cath. Bishop of Orange*, 759 F. Supp. 3d 1019, 1026 (C.D. Cal. 2024) (emphases added) (rejecting argument that a party seeking declaratory relief may merely allege a controversy). "A claim for declaratory judgment is 'ultimately a request for relief, and [Plaintiff] is not entitled to such relief absent a viable underlying claim.'" *Id.* (quoting *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011) (dismissing declaratory relief claim)).[7]

Having argued (erroneously) that he need not state a proper claim as long as he alleges the existence of some "live controversy," Plaintiff does not refute Adobe's arguments concerning why the small claims provision is not unconscionable as a matter of law and engages with none of the authority cited. He therefore concedes these points.

### D.    Plaintiff Cannot Pursue Class Claims Because The TOU Includes An Enforceable Class Action Waiver

Plaintiff challenges the Class Action Waiver in the TOU on three bases. None has merit.

*First*, Plaintiff argues that the class waiver should be confined to arbitration as a matter of contractual construction. But the waiver's plain text contains no such limiting language. *See, e.g.*, *Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737, 751-52 (N.D. Tex. 2023) (upholding class waiver in court where the term appeared in the same section as arbitration agreement because "the phrasing indicate[d] the provision is not merely a consequence of arbitration"). The class waivers in Plaintiff's cases are markedly different. Opp. at 20-21 (citing *Vine v. PLS Fin. Servs., Inc.*, 807 F. App'x 320 (5th Cir. 2020); *Meyer v. Kalanick*, 185 F. Supp. 3d 448 (S.D.N.Y. 2016); *Fischer v. Instant Checkmate LLC*, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022)). The *Naranjo* court distinguished the class waivers in *Vine* and *Meyer* on the grounds that they "were contained in arbitration provisions, were surrounded [on both sides] by language describing arbitration procedures, and were explicitly or implicitly made a consequence of the arbitration provision" (and

---

[7] A treatise Plaintiff cites confirms the same. *See* 5 *Wright & Miller's Federal Practice and Procedure* § 1238 (4th ed. 2025) ("Proceedings under the Declaratory Judgment Act are governed by the same pleading standards that are applied in other federal civil actions." (footnote omitted)).

1  *Fischer* is no different).  652 F. Supp. 3d at 752.  Not so here.

2    *Second*, the class waiver is enforceable under California law.  Adobe's TOU permit

3  customers to "opt out" from the class action waiver, and an "agreement is not adhesive if there is an

4  opportunity to opt out of it."  *See Bonhomme v. Uber Techs., Inc.*, 2025 WL 1745729, at *3 (N.D.

5  Cal. June 24, 2025) (quoting *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016)).

6  Thus, the waiver does not run afoul of *Discover Bank v. Superior Court of Los Angeles*, 36 Cal. 4th

7  148 (2005).  Nor does the CLRA anti-waiver provision apply to render the class waiver

8  unenforceable because, as discussed in Section C.1.b, that provision is preempted.

9    *Third*, the class waiver does not violate the Rules Enabling Act by subverting Rule 23.  Rule

10 23 does not "establish an entitlement to class proceedings."  *Am. Express Co. v. Italian Colors Rest.*,

11 570 U.S. 228, 234 (2013).  And as Plaintiff reluctantly acknowledges (despite calling the decision

12 "wrong"), the Fourth Circuit recently addressed the exact same argument and "dispense[d] with it

13 briefly," relying on *Italian Colors*.  *Maldini v. Marriott Int'l*, 140 F.4th 123, 134 (4th Cir. 2025).

14 "The Supreme Court made clear in 2013 [in *Italian Colors*] that parties may indeed waive class-

15 action litigation by contract.  Courts now routinely enforce contractual class-action waivers –

16 including, contrary to the district court's suggestion, in cases that do not involve an arbitration

17 agreement."  *Id.* (citations omitted).[8]

18   Finally, Plaintiff cites no on-point authority that courts "are generally reluctant to strike class

19 allegations before discovery."  Opp. at 25 (citing only *In re Wal-Mart Stores, Inc. Wage & Hour

20 Litig.*, 505 F. Supp. 2d 609 (N.D. Cal. 2007), which did not involve a class waiver).  Courts routinely

21 strike class claims at the pleading stage where there is a class waiver.  *E.g.*, *Suchite v. ABM Aviation*,

22 741 F. Supp. 3d 878, 888-89 (S.D. Cal. 2024); *Da Silva v. DSW Shoe Warehouse*, 2025 WL

23 3187760, at *4 (N.D. Cal. Nov. 14, 2025).  Because one exists here, the Court should do the same.

24 **III. CONCLUSION**

25   For the reasons stated above and in Adobe's Motion, the Court should dismiss Plaintiff's

26 Complaint in its entirety, stay this action, and/or strike Plaintiff's class claims.

27

---

28 [8] *Maldini* also considered and squarely rejected the primary case relied on by Plaintiff, *Martrano v. Quizno's Franchise Co.*, 2009 WL 1704469, at *19-21 (W.D. Pa. June 15, 2009).

Dated:  February 5, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By:   _/s/  Jeremy T. Kamras_

Douglas A. Winthrop
Jeremy T. Kamras
Joseph Farris
Tommy Huynh
Nina Leviten
Mark E. Raftrey

*Counsel for Defendant Adobe Inc.*