DOUGLAS A. WINTHROP (No. 183532)
Douglas.Winthrop@arnoldporter.com
JEREMY T. KAMRAS (No. 237377)
Jeremy.Kamras@arnoldporter.com
JOSEPH FARRIS (No. 263405)
Joseph.Farris@arnoldporter.com
TOMMY HUYNH (No. 306222)
Tommy.Huynh@arnoldporter.com
NINA LEVITEN (No. 351970)
Nina.Leviten@arnoldporter.com
MARK RAFTREY (No. 352610)
Mark.Raftrey@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4164
Telephone: 415-471-3100
Facsimile: 415-471-3400

*Counsel for Defendant*
Adobe Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DUSTIN FORET,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE INC.<br><br>Defendant. | Case No. 5:25-cv-09221-PCP<br><br>**ADOBE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DUSTIN FORET'S CLASS ACTION COMPLAINT**<br><br>Assigned to: Hon. P. Casey Pitts |

Defendant Adobe Inc. ("Adobe"), for its Answer and Affirmative Defenses to Plaintiff Dustin Foret's ("Plaintiff") Complaint, states as follows.

All admissions made herein are made as of the date of this filing, unless otherwise stated. Adobe reserves the right to amend or supplement its Answer and Defenses.

**GENERAL DENIAL**

Adobe denies each and every allegation of the Complaint not specifically admitted herein.

**ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS**

Subject to its Defenses, Adobe pleads as follows to the specific allegations contained in the numbered paragraphs of the Complaint:[1]

1. Paragraph 1 asserts legal conclusions or otherwise characterizes the Complaint, which speaks for itself, and to which no response is required. To the extent a response is required, Adobe admits that Plaintiff purports to bring this action against Adobe.

**NATURE OF THE ACTION**

2. Adobe admits that its business includes the development and offering of software tools that can be utilized for graphic design, video editing, photography, document management, and web development. Adobe admits that Adobe products can be purchased as part of a subscription model. Adobe denies the remaining allegations in Paragraph 2.

3. Adobe denies the allegations in Paragraph 3.

4. Adobe admits it offers subscription plans for its products and services on its website, *Adobe.com*, and that payment information is required as part of the sign-up process. Adobe admits that subscriptions are renewed from month-to-month or year-to-year resulting in either monthly or annual charges to the consumer's credit card, debit card, or third-party payment account consistent with the consumer's consent at enrollment. Adobe denies the remaining allegations in Paragraph 4.

---

[1] For convenience, Adobe restates the section headings and sub-headings contained in the Complaint. However, Adobe makes no admission as to any allegations contained in those headings or sub-headings. To the extent the headings or sub-headings are construed to assert any allegations, Adobe denies those allegations.

5. Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations in Paragraph 5.

6. Adobe admits that it offers an annual, billed monthly ("ABM") subscription to consumers. The remaining allegations in Paragraph 6 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

7. Adobe admits that it displays the ABM plan's annual commitment and monthly cost during enrollment. Adobe admits that, at portions of the relevant times, certain consumers who cancel an ABM plan during the initial one-year term and more than 14 days after their paid subscription term began were subject to an early termination fee of up to 50 percent of the remaining payment obligation for that annual term, consistent with their contractual agreement with Adobe. Adobe denies that it "hides" its early termination fee and the amount of the early termination fee. Adobe also denies that its early termination fee disclosures "are buried in small print within the company's website." The remaining allegations in Paragraph 7 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

8. Paragraph 8 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations in Paragraph 8.

9. Paragraph 9 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations in Paragraph 9.

10. Adobe denies the allegations in Paragraph 10.

11. Adobe admits that Adobe allows users to cancel Adobe subscriptions through Adobe's website. Adobe admits that users can contact customer support to seek assistance with canceling an Adobe subscription. Adobe admits that customer support agents can offer discounted rates to users as an option for continuing their subscriptions. Adobe denies the remaining allegations in Paragraph 11.

12. Paragraph 12 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations in Paragraph 12.

13. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 13 is required. To the extent a response is required, Adobe admits that Adobe's Terms of Use include dispute resolution provisions that require an informal dispute resolution process; provide for resolution of remaining claims through arbitration and, at the election of either party, small claims court; and address the allocation of fees for claims that proceed to arbitration. The enforceability of the dispute resolution process is a legal conclusion to which no response is required. Adobe otherwise denies the remaining allegations in Paragraph 13.

14. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 14 is required. To the extent a response is required, Adobe admits that Plaintiff and other individuals represented by Plaintiff's counsel or other law firms filed arbitration demands against Adobe before JAMS. Adobe admits that JAMS administratively closed the arbitrations before any arbitrators were appointed to decide the dispute over the appropriate forum after Adobe elected to proceed in small claims court. Adobe admits that consistent with the Terms of Use, it elected to adjudicate certain claims initially filed in arbitration in small claims court. The remaining allegations in Paragraph 14 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

15. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 15 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 15.

16. Adobe admits that Plaintiff purports to bring this action individually and on behalf of a putative class against Adobe. Adobe denies that Plaintiff is entitled to the relief sought and denies the remaining allegations in Paragraph 16.

## PARTIES

17. Adobe admits that Plaintiff enrolled in an ABM subscription in April 2022. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's remaining allegations, and therefore denies them.

18. Paragraph 18 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations in Paragraph 18.

19. Adobe admits the allegations in Paragraph 19.

20. Adobe admits the allegations in Paragraph 20.

**JURISDICTION AND VENUE**

21. Paragraph 21 asserts legal conclusions to which no response is required.

22. Adobe admits it is headquartered in San Jose, California. The remaining allegations in Paragraph 22 assert legal conclusions to which no response is required.

23. Paragraph 23 asserts legal conclusions to which no response is required.

24. Adobe admits that Adobe's CEO, Shantanu Narayen, is domiciled in California. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 regarding unspecified "key figures," and therefore denies the same.

25. Paragraph 25 asserts legal conclusions to which no response is required.

26. Paragraph 26 asserts legal conclusions to which no response is required.

27. Paragraph 27 asserts legal conclusions to which no response is required.

**DIVISIONAL ASSIGNMENT**

28. Paragraph 28 asserts legal conclusions to which no response is required.

**FACTUAL ALLEGATIONS**

**A. Background**

**a. Subscription-Based Software**

29. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 directed at companies other than Adobe, and therefore denies the same. Adobe admits that Adobe has sold its software to consumers under a perpetual licensing model.

30. To the extent the allegations in Paragraph 30 are directed at Adobe, Adobe admits that Adobe's software sold under the perpetual licensing model allowed consumers to use a particular software version without additional payments. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30, including those directed at companies other than Adobe, and therefore denies the same.

31. Adobe admits that Adobe software purchased under perpetual licenses has been distributed via physical media such as CDs or DVDs, or through downloadable files. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31, including those directed at companies other than Adobe, and therefore denies the same.

32. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, including those directed at companies other than Adobe, and therefore denies the same.

33. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, including those directed at companies other than Adobe, and therefore denies the same.

34. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, including those directed at companies other than Adobe, and therefore denies the same.

35. Adobe admits that Adobe has offered browser-based or cloud-based products to users who pay on an annual or monthly basis for continued access. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35, including those directed at companies other than Adobe, and therefore denies the same.

36. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 directed at a company other than Adobe, and therefore denies the same.

37. To the extent the allegations in Paragraph 37 are directed at Adobe, Adobe admits that it offers creative applications through a subscription model. Adobe denies that it offers consumer financial software through a subscription model. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, including the meaning of "productivity tools" as used here and as to those allegations directed at companies other than Adobe, and therefore denies the same.

38. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 directed at a company other than Adobe, and therefore denies the same.

39. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 directed at a company other than Adobe, and therefore denies the same.

40. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, including those directed at companies other than Adobe, and therefore denies the same.

41. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 directed at a company other than Adobe, and therefore denies the same.

42. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 directed at a company other than Adobe, and therefore denies the same.

43. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 43 are directed at Adobe, Adobe denies those allegations.

44. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 44 are directed at Adobe, Adobe denies those allegations.

45. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 45 are directed at Adobe, Adobe admits that consistent with industry practice, it may limit or cease support for certain deprecated software as technology changes, and otherwise denies the allegations in Paragraph 45.

46. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 46 are directed at Adobe, other than as software became obsolete, Adobe denies those allegations.

47. Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 47 are directed at Adobe, Adobe denies those allegations.

48. Paragraph 48 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 48 are directed at Adobe, Adobe denies those allegations.

49. Paragraph 49 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 49 are directed at Adobe, Adobe denies those allegations.

50. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 50 are directed at Adobe, Adobe admits that subscription-based access to software services is now the primary model through which it distributes software to consumers. Adobe otherwise denies the allegations in Paragraph 50.

51. Paragraph 51 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 directed at companies other than Adobe,

and therefore denies the same. To the extent the allegations in Paragraph 51 are directed at Adobe, Adobe denies those allegations.

**b. Automatically-Renewing Software Subscriptions Have Led to Numerous Harms for Consumers When Paired With Deceptive Business Practices.**

52. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 52 are directed at Adobe, Adobe denies those allegations.

53. Paragraph 53 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies it uses dark patterns or designs its interfaces to manipulate or mislead consumers.

54. The allegations in Paragraph 54 purport to characterize a study, which speaks for itself, and on that basis Adobe denies the allegations.

55. Adobe denies that its consumers are automatically enrolled in recurring billing programs without sufficiently clear disclosures. The remaining allegations in Paragraph 55 purport to characterize an article, which speaks for itself, and on that basis Adobe denies those allegations.

56. The allegations in Paragraph 56 purport to characterize surveys, which speak for themselves, and on that basis Adobe denies the allegations.

57. The allegations in Paragraph 57 purport to characterize online consumer complaints, which speak for themselves, and on that basis Adobe denies the allegations.

58. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 directed at companies other than Adobe, and therefore denies the same. To the extent the allegations in Paragraph 58 are directed at Adobe, Adobe admits that Adobe offers introductory free trials to subscriptions for products and services. Adobe denies the remaining allegations in Paragraph 58.

**c. Consumer Protection Laws for Automatic Renewal Subscriptions.**

59. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 59, and therefore denies the same. The remaining allegations in Paragraph 59 assert legal conclusions to which no response is required.

60. Paragraph 60 asserts legal conclusions to which no response is required.

61. Adobe admits that California Business and Professions Code § 17600 contains the legislative statement quoted in Paragraph 61. The remaining allegations in Paragraph 61 assert legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies the same.

62. Adobe denies that it adopted deceptive renewal or subscription practices. Adobe admits that California's Automatic Renewal Law has been amended over time. The remaining allegations in Paragraph 62 assert legal conclusions to which no response is required.

63. Adobe admits that the cited provisions contain the language quoted in Paragraph 63. The remaining allegations in Paragraph 63 assert legal conclusions to which no response is required.

64. Adobe admits that the cited provisions contain the language quoted in Paragraph 64. The remaining allegations in Paragraph 64 assert legal conclusions to which no response is required.

65. Adobe denies that Paragraph 65 accurately quotes the cited provisions.

66. Adobe admits that the cited provisions contain the language quoted in Paragraph 66. The remaining allegations in Paragraph 66 assert legal conclusions to which no response is required.

67. Adobe admits that the cited provisions contain the language quoted in Paragraph 67. The remaining allegations in Paragraph 67 assert legal conclusions to which no response is required.

68. Adobe denies that Paragraph 68 accurately quotes the cited provisions. The remaining allegations in Paragraph 68 assert legal conclusions to which no response is required.

69. Adobe denies that Paragraph 69 accurately quotes the cited provisions. The remaining allegations in Paragraph 69 assert legal conclusions to which no response is required.

70. Adobe denies that Paragraph 70 accurately quotes the cited provisions. The remaining allegations in Paragraph 70 assert legal conclusions to which no response is required.

71. Adobe admits that the cited provisions contain the language quoted in Paragraph 71. The remaining allegations in Paragraph 71 assert legal conclusions to which no response is required.

72. Paragraph 72 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**B. Adobe's Business**

73. Adobe admits the allegations in Paragraph 73.

74. Adobe admits that Adobe has sold its software to consumers under a perpetual licensing model. Adobe denies the remaining allegations in Paragraph 74.

75. Adobe admits the allegations in Paragraph 75.

76. Adobe admits that Adobe software purchased through a perpetual license allows for indefinite use consistent with Adobe's licensing terms, and that customers could purchase upgrades or newer versions. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 regarding customers' "wishes," and therefore denies them.

77. Adobe denies the allegations in Paragraph 77.

78. Adobe admits that Adobe software has been widely regarded as an industry-standard product. The remaining allegations in Paragraph 78 are vague such that Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

79. Adobe admits that it has invested in cloud technologies and internet-based delivery of software services.

80. Adobe admits that it announced the end of new perpetual license sales for Adobe Creative Suite products in 2013. Adobe admits that Adobe offers consumers its suite of

applications through Creative Cloud, as subscription-based services. Adobe denies the remaining allegations in Paragraph 80.

81. Adobe admits that Creative Cloud applications are offered on a subscription-based model that consumers can purchase access to through monthly or annual subscriptions, and that this replaced the perpetual-license model.

82. Paragraph 82 purports to characterize a news article, which speaks for itself, and requires no response. Adobe denies the remaining allegations in Paragraph 82.

83. Adobe admits the allegations in Paragraph 83.

84. Adobe denies the allegations in Paragraph 84.

85. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 concerning companies other than Adobe, and therefore denies the same.

86. Paragraph 86 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

87. Adobe denies the allegations in Paragraph 87.

88. Adobe denies the allegations in Paragraph 88.

89. Adobe admits that it has received some customer complaints among the millions of customers who subscribed to Adobe services. The remaining allegations in Paragraph 89 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

**a. Adobe's Subscriptions**

90. Adobe admits the allegations in Paragraph 90.

91. Adobe admits the allegations in Paragraph 91.

92. Adobe admits the allegations in Paragraph 92.

93. Paragraph 93 asserts legal conclusions to which no response is required. To the extent a response is required, Paragraph 93 purports to quote statutory definitions in California's Business and Professions Code, whose content speaks for itself, and Adobe denies any characterization inconsistent with its text.

94. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 regarding Plaintiff's and proposed class members' status as "consumers," and therefore denies them. Adobe admits Plaintiff had an ABM subscription for an Adobe product. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94, and therefore denies them.

95. Paragraph 95 asserts legal conclusions to which no response is required, or otherwise characterizes the Complaint, which speaks for itself, and therefore to which no response is required. To the extent a response is required, Adobe admits that Plaintiff purports to bring this action against Adobe.

**C. Adobe Violates Consumer Protection Laws.**

96. Paragraph 96 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**a. Adobe's Subscription Flow**

97. Adobe admits the allegations in Paragraph 97.

98. Adobe denies that the Subscription Flow was in the same "set order" for all customers within the United States because the customer experience could vary depending on various factors, such as the product selected, promotional offers, free-trial availability, market segment, and customer entry path.[2]

99. Paragraph 99 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

100. Adobe states that Paragraph 100 does not specify a time period. Adobe admits that, at certain times, its home page displayed the content described in Paragraph 100 and that Paragraph 100 includes a partial image of what some customers may have seen on Adobe's home page. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements.

101. Adobe admits the "Subscription Flow" includes a "Plans and Pricing" page.

---

[2] To the extent Adobe utilizes Plaintiff's capitalization of terms, such as "Subscription Flow," Adobe does so without adoption, and only does so for ease of understanding.

102. Adobe admits that Paragraph 102 includes a partial image of what some customers may have seen on Adobe's Plans and Pricing page in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 102.

103. Paragraph 103 purports to characterize the image included in Paragraph 102, which speaks for itself, and on that basis Adobe denies the allegations. Adobe denies the remaining allegations in Paragraph 103.

104. Adobe admits that Paragraph 104 includes a partial image of what some customers may have seen on Adobe's Plans and Pricing page in the Subscription Flow at a particular time. Adobe admits the Plans and Pricing page has included the terminology "Annual, billed monthly" for various Adobe software products at certain times. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 104.

105. Paragraph 105 purports to characterize the image included in Paragraph 104, which speaks for itself, and on that basis Adobe denies the allegations. The remaining allegations in Paragraph 105 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

106. Adobe admits that Paragraph 106 includes partial images of what some customers may have seen after selecting "Buy now" or "See plan & pricing details" on the Plans and Pricing page, at a particular time. Adobe denies that these partial images fairly or fully represent what customers see, and denies that these partial images fairly or fully represent Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 106.

107. Paragraph 107 purports to characterize the image included in Paragraph 106, which speaks for itself, and on that basis Adobe denies the allegations.

108. Paragraph 108 purports to characterize the image included in Paragraph 106, which speaks for itself, and on that basis Adobe denies the allegations.

109. Adobe admits that Paragraph 109 includes a partial image of what some customers may have seen in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 109.

110. Adobe admits that Paragraph 110 includes a partial image of what some customers may have seen after selecting a free trial in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 110.

111. Adobe admits that Paragraph 111 includes a partial image of what some customers may have seen in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 111.

112. Adobe admits that Paragraph 112 includes a partial image of what some customers may have seen in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 112.

113. Paragraph 113 purports to characterize the image included in Paragraph 112, which speaks for itself, and on that basis Adobe denies the allegations.

114. Adobe admits that Paragraph 114 includes a partial image of what some customers may have seen on the "Checkout Page" in the Subscription Flow at a particular time. Adobe admits a consumer must enter billing information to complete the purchase of an Adobe subscription. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 114.

115. Paragraph 115 purports to characterize the image included in Paragraph 114, which speaks for itself, and on that basis Adobe denies the allegations.

116. Adobe admits that Paragraph 116 includes a partial image of what some customers may have seen on the "Checkout Page" in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 116.

117. Adobe admits that Paragraph 117 includes a partial image of what some customers may have seen on the "Checkout Page" in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 117.

118. Adobe admits that Paragraph 118 includes a partial image of what some customers may have seen on the "Checkout Page" in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 118.

119. Adobe denies the allegations in Paragraph 119. Paragraph 119 does not fully or accurately characterize the disclosure a customer sees while enrolling in an Adobe subscription. To the extent Paragraph 119 purports to characterize any images included in the Complaint, the images speak for themselves, and on that basis Adobe denies the allegations.

120. Paragraph 120 purports to characterize the image included in Paragraph 118, which speaks for itself, and on that basis Adobe denies the allegations.

121. Paragraph 121 purports to characterize the images included in the preceding paragraphs, which speak for themselves, and on that basis Adobe denies the allegations.

122. Adobe admits that Adobe subscriptions renew in accordance with the terms of each subscription. Adobe denies the remaining allegations in Paragraph 122.

123. The phrase "substantially similar" either calls for a legal conclusion or is too imprecise as to permit for an answer, and Adobe therefore denies the allegations in Paragraph 123.

124. Adobe admits that it has made changes to its Subscription Flow from time to time, including in 2025, based on a variety of considerations, including technical improvements and improvements to the customer experience, as well as evolving business and compliance considerations. Adobe denies that any such change was made because of any demand for arbitration, denies that its practices were "deceptive," and otherwise denies the allegations in Paragraph 124.

125. Adobe admits that Paragraph 125 includes a partial image of what some customers may have seen in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 125.

126. Adobe admits that Paragraph 126 includes a partial image of what some customers may have seen on the "Checkout Page" in the Subscription Flow at a particular time. Adobe denies that this partial image fairly or fully represents what customers see, and denies that this partial image fairly or fully represents Adobe's disclosures and advertisements. Adobe otherwise denies the allegations in Paragraph 126.

**b. Adobe Falsely Advertises Its Subscriptions**

127. Paragraph 127 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

128. Adobe admits that an annual, billed monthly subscription plan is an annual subscription plan. Adobe denies the remaining allegations in Paragraph 128.

129. Adobe denies the allegations in Paragraph 129.

130. Adobe admits that, at times, the Plans and Pricing page displayed monthly prices, including for Annual, Billed Monthly ("ABM") plans. Adobe also admits that the month-to-month subscription had a higher monthly price than the ABM plan, when both options were offered for the same product or bundle. Adobe denies the remaining allegations in Paragraph 130.

131. Adobe admits that, at times, including in 2024 and 2025, the words "Annual, billed monthly" appeared near the displayed price on the Plans and Pricing page. Adobe denies the remaining allegations in Paragraph 131.

132. Paragraph 132 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

133. Paragraph 133 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

134. Paragraph 134 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

135. Adobe denies the allegations in Paragraph 135.

136. Paragraph 136 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

137. Paragraph 137 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**c. Adobe Does Not Adequately Disclose the Terms of its Automatic Renewal Subscriptions**

138. Paragraph 138 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief as to whether Plaintiff and Class members are "consumers" who sought or acquired Adobe's software for personal, family, or household purposes, and therefore denies the same.

139. Paragraph 139 asserts legal conclusions to which no response is required.

140. Paragraph 140 asserts legal conclusions to which no response is required.

141. Paragraph 141 asserts legal conclusions to which no response is required.

142. Paragraph 142 asserts legal conclusions to which no response is required.

143. Paragraph 143 asserts legal conclusions to which no response is required.

144. Paragraph 144 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

145. Adobe admits that versions of the Checkout Page include the words "Annual, billed monthly," text stating that a fee applies if a customer cancels after a certain date, and statements regarding the subscription terms. Adobe denies that Paragraph 145 fully or accurately characterizes the disclosures presented to consumers during enrollment and denies the remaining allegations in Paragraph 145.

146. Adobe admits that, in some versions of the Checkout Page, some of the language presented during the Subscription Flow may have appeared in gray or other color font. The remaining allegations in Paragraph 146 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

147. Paragraph 147 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

148. Adobe admits that the Checkout Page includes the words "cancel anytime." Adobe denies the remaining allegations in Paragraph 148.

149. Adobe admits the Checkout Page includes information about cancellation and a hyperlink titled "Subscription and Cancellation Terms." Adobe further admits that, at portions of the relevant times, the "Subscription and Cancellation Terms" provided that consumers who cancel an ABM plan during the initial one-year term and more than 14 days after their paid subscription term began were subject to an early termination fee of up to 50 percent of the remaining payment obligation for that annual term, consistent with their contractual agreement with Adobe. The remaining allegations in Paragraph 149 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

150. Paragraph 150 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

151. Paragraph 151 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

152. Adobe admits that the "Yearly, billed monthly" plan discloses a one-year subscription term, with the payments billed monthly. Adobe denies the remaining allegations in Paragraph 152.

153. Adobe admits that certain Adobe subscription plans may cost more than $779.88 annually, and that the cancellation deadline referenced in Paragraph 153 does not specify the customer's time zone. The remaining allegations in Paragraph 153 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

154. Adobe denies the allegations in Paragraph 154.

155. Paragraph 155 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

156. Adobe states that a consumer cannot complete enrollment in a subscription without clicking an "Agree and subscribe" button, and that the checkout page states that, by clicking that button, the consumer agrees to the stated terms and to Adobe's Terms of Use and Subscription and Cancellation Terms. The remaining allegations in Paragraph 156 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

157. Paragraph 157 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

158. Adobe admits that at portions of the relevant times, consumers who cancel an ABM plan during the initial one-year term and more than 14 days after their paid subscription term began were subject to an early termination fee of up to 50 percent of the remaining payment obligation for that annual term, consistent with their contractual agreement with Adobe. The remaining allegations in Paragraph 158 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

159. Paragraph 159 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

160. Paragraph 160 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

161. Adobe lacks knowledge or information sufficient to form a belief as to what Plaintiff was "fully aware of," and therefore denies those allegations. Adobe denies the remaining allegations in Paragraph 161.

162. Paragraph 162 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

163. Paragraph 163 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**d. Adobe's Cancellation Penalty for the ABM Subscription is Unfair**

164. Adobe admits that at portions of the relevant times, consumers who cancel an ABM plan during the initial one-year term and more than 14 days after their paid subscription term began were subject to an early termination fee of up to 50 percent of the remaining payment obligation for that annual term, consistent with their contractual agreement with Adobe. Adobe denies the remaining allegations in Paragraph 164.

165. Paragraph 165 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**e. Adobe's Cancellation Process is Unlawfully Burdensome**

166. Adobe admits that it allows consumers to accept an automatic renewal service offer online. The remaining allegations in Paragraph 166 assert legal conclusions to which no response is required.

167. Adobe admits that consumers who cancel an Annual, Billed Monthly subscription more than 14 days after they signed up and during the initial annual term are subject to an early termination fee, consistent with their contractual agreement with Adobe. Adobe denies the remaining allegations in Paragraph 167.

168. Adobe admits that customers evaluating whether to cancel a subscription through the online cancellation flow were presented with what services they would lose access to by canceling, and could be presented discount offers and offers to switch to other products through cards that customers could click through. Adobe also admits that some customers among the millions of customers who subscribed to Adobe services may have encountered error messages or unresponsive pages, and as a result, may have chosen to contact Adobe by telephone or live chat to complete cancellation, when attempting to cancel subscriptions online. Adobe further admits that calls from ABM plan subscribers seeking to cancel were to be transferred to Adobe personnel

trained to address such inquiries, including to discuss available alternatives, and certain such calls may have been inadvertently disconnected. Adobe denies the remaining allegations in Paragraph 168.

169. Adobe admits that customers with accounts in payment failure could be required to contact Adobe customer service to complete cancellation of their subscriptions. Adobe otherwise denies that customers were required to contact Adobe by telephone or live chat to complete cancellation of their subscriptions. Adobe denies the remaining allegations in Paragraph 169.

170. Paragraph 170 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

171. Paragraph 171 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**D. Consumers are Deceived and Harmed by Adobe's Practices and Terms**

172. Paragraph 172 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

173. Adobe admits that the Adobe Community Forum is an online message board on which users may post questions and comments. Adobe lacks knowledge or information sufficient to form a belief as to what users who post on that forum believed when they purchased Adobe subscriptions. Adobe admits that Paragraph 173 includes eight partial images of user comments on the Adobe Community Forum. Adobe denies that these partial images fairly or fully represent what users in fact encounter in Adobe's subscription and cancellation processes or what users regularly post on the Adobe Community Forum. Adobe otherwise denies the allegations in Paragraph 173.

174. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174, which concern unidentified statements by unidentified persons "across the internet," and therefore denies them.

175. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175, which concern unidentified Reddit posts, and therefore denies them.

176. Paragraph 176 purports to characterize an online video that is not attached to the Complaint and that speaks for itself. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the video, its authorship, its viewership, and its audience, and therefore denies them. Adobe denies the remaining allegations in Paragraph 176.

177. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 concerning unidentified complaints on third-party websites, and therefore denies them.

178. Paragraph 178 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**E. Adobe Attempts to Make Challenging its Practices Impossible**

179. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 179 is required. To the extent a response is required, Adobe admits that consumers who enroll in an Adobe subscription must click an "Agree and subscribe" button to complete their purchase, and that the checkout page identifies the Terms of Use and the Subscription and Cancellation Terms by hyperlink. Adobe denies the remaining allegations in Paragraph 179.

180. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 180 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 180. Adobe states that consumers who enroll in an Adobe subscription must click an "Agree and subscribe" button to complete their purchase, and that the checkout page identifies the Terms of Use and the Subscription and Cancellation Terms by hyperlink.

181. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 181 is required. To the extent a response is required, Adobe admits that the Terms of Use apply to consumers who purchase Adobe software or services through its online Subscription Flow. Paragraph 181 purports to quote the preamble of a version of Adobe's General Terms of Use, which speak for themselves, and Adobe denies any characterization inconsistent with those Terms.

182. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 182 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 182.

183. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 183 is required. To the extent a response is required, Adobe admits that Section 14.1 of the Terms provides an informal dispute resolution process under which a consumer provides a written Notice of Claim. Adobe also states that the Terms speak for themselves, and denies any characterization inconsistent with those Terms. Adobe denies the remaining allegations in Paragraph 183.

184. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 184 is required. To the extent a response is required, Paragraph 184 purports to quote language from a version of Section 14.1 of the Terms, which speak for themselves, and Adobe denies any characterization inconsistent with those Terms. Adobe denies the remaining allegations in Paragraph 184, including in footnote 4.

185. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 185 is required. To the extent a response is required, Paragraph 185 purports to quote language from a version of Section 14.3 of the Terms, which speak for themselves, and Adobe denies any characterization inconsistent with those Terms. Adobe denies the remaining allegations in Paragraph 185.

186. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 186 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 186.

187. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 187 is required. To the extent a response is required, Paragraph 187 purports to quote language from a version of the Small Claims Provision of the Terms, which speak for themselves, and Adobe denies any characterization inconsistent with those Terms. The remaining allegations in Paragraph 187 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

188. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 188 is required. To the extent a response is required, Paragraph 188 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

189. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 189 is required. Paragraph 189 also purports to characterize the procedures of small claims courts, which are governed by statute and court rules that speak for themselves, and asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies Plaintiff's characterization, including that consumers are "stripped" of any right, and otherwise denies the allegations in Paragraph 189.

190. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 190 is required. To the extent a response is required, Paragraph 190 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

191. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 191 is required. To the extent a response is required, Paragraph 191 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

192. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 192 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 192.

193. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 193 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 193.

**F. Plaintiff Was Harmed.**

**a. Plaintiff Was Harmed by Adobe's Subscription Practices.**

194. Adobe admits that Plaintiff enrolled in an Annual, Billed Monthly subscription. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 194, although it denies the reasonableness of any such beliefs, and in any event denies the allegations for lack of information and belief.

195. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 195, although it denies the reasonableness of any claimed lack of knowledge, and in any event denies the allegations for lack of information and belief.

196. Adobe admits that Plaintiff paid an early termination fee consistent with his contractual agreement. Adobe denies the remaining allegations in Paragraph 196.

197. Adobe denies the allegations in Paragraph 197.

**b. Plaintiff Attempted to Resolve His Disputes Under Adobe's Dispute Resolution Process, but Adobe Refused.**

198. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 198 is required. To the extent a response is required, Adobe admits that it received correspondence from Plaintiff's counsel, dated on or about October 1, 2024, purporting to provide notices of claim on behalf of Plaintiff and other individuals. Adobe denies that those notices complied with Section 14.1 of the Terms and denies the remaining allegations in Paragraph 198.

199. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 199 is required. To the extent a response is required, Adobe admits that, in his October 1, 2024 letter, Plaintiff purported to state the claims described in Paragraph 199. Adobe denies the remaining allegations in Paragraph 199.

200. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 200 is required. To the extent a response is required, Adobe admits that, on October 31, 2024, it sent a letter to Plaintiff and other claimants. Adobe denies the remaining allegations in Paragraph 200.

201. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 201 is required. To the extent a response is required, Adobe admits that its October 31, 2024 response stated that the notices did not comply with Section 14.1 of the Terms because that Section provides that a Notice of Claim cannot be combined with a Notice of Claim for other individuals, and because the notices were delivered together in a single shipment. Adobe also

states that that response speaks for itself, and denies any characterization inconsistent with it. Adobe further denies that its objections lacked merit and otherwise denies the allegations in Paragraph 201.

202. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 202 is required. To the extent a response is required, Paragraph 202 purports to reference Adobe's October 31, 2024 letter, which speaks for itself, and Adobe denies any characterization inconsistent with it. Adobe denies that Plaintiff otherwise complied with Section 14.1 of the Terms.

203. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 203 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 203.

204. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 204 is required. To the extent a response is required, Adobe admits that, on or about May 23, 2025, Plaintiff and other claimants filed demands for arbitration with JAMS. Adobe lacks knowledge or information sufficient to form a belief as to what filing fees claimants paid, and therefore denies those allegations. Adobe denies the remaining allegations in Paragraph 204.

205. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 205 is required. To the extent a response is required, Adobe admits that, on or about May 30, 2025, JAMS issued an invoice to Adobe in the amount of $192,500. Adobe also states that the JAMS rules speak for themselves, and denies any characterization inconsistent with them. Adobe denies the remaining allegations in Paragraph 205.

206. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 206 is required. To the extent a response is required, Adobe admits that it did not pay the JAMS invoice because no such invoice was due, as Adobe exercised its right under the Terms of Use to have Plaintiff Foret's claims resolved in small claims court rather than arbitration. Adobe denies the remaining allegations in Paragraph 206.

207. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 207 is required. To the extent a response is required, Adobe admits that on May 30,

2025, Adobe submitted a letter to JAMS regarding its small claims election under Section 14.5 of the Terms. Adobe states that its May 30, 2025 letter speaks for itself, and Adobe denies any characterization inconsistent with it. Adobe denies the remaining allegations in Paragraph 207.

208. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 208 is required. To the extent a response is required, Paragraph 208 purports to quote language from Adobe's May 30, 2025 letter to JAMS, which speaks for itself, and Adobe denies any characterization inconsistent with it.

209. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 209 is required. To the extent a response is required, Paragraph 209 purports to quote language from Adobe's May 30, 2025 letter to JAMS, which speaks for itself, and Adobe denies any characterization inconsistent with it. Adobe denies the remaining allegations in Paragraph 209.

210. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 210 is required. To the extent a response is required, Paragraph 210 purports to quote language from Adobe's May 30, 2025 letter to JAMS, which speaks for itself, and Adobe denies any characterization inconsistent with it. Adobe denies that Plaintiff or the other claimants complied with Section 14.1 of the Terms.

211. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 211 is required. To the extent a response is required, Paragraph 211 purports to quote language from Adobe's May 30, 2025 letter to JAMS, which speaks for itself, and Adobe denies any characterization inconsistent with it.

212. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 212 is required. To the extent a response is required, Paragraph 212 purports to reference language from Adobe's May 30, 2025 letter to JAMS, which speaks for itself, and Adobe denies any characterization inconsistent with it. Adobe denies the remaining allegations in Paragraph 212.

213. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 213 is required. To the extent a response is required, Adobe admits the allegations in Paragraph 213.

**c. The Small Claims Provision is Unenforceable.**

214. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 214 is required. Paragraph 214 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations in Paragraph 214.

215. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 215 is required.

216. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 216 is required. Paragraph 216 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

217. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 217 is required. Paragraph 217 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

218. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 218 is required. To the extent a response is required, Adobe denies the allegations in Paragraph 218.

219. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 219 is required. Paragraph 219 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

220. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 220 is required. Paragraph 220 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

221. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 221 is required. The remaining allegations in Paragraph 221 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

222. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 222 is required. Paragraph 222 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

223. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraph 223 is required.

## CLASS ACTION ALLEGATIONS

224. Adobe admits that Plaintiff purports to bring this lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure. Adobe denies that this lawsuit may be maintained as a class action.

225. Adobe admits that Paragraph 225 purports to define a proposed nationwide class. Adobe denies that the proposed class is properly defined or ascertainable and denies that it may be certified.

226. Adobe admits that Paragraph 226 identifies Plaintiff's proposed class exclusions. Adobe denies that the proposed class may be certified.

227. Adobe admits that Paragraph 227 purports to reserve the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery. Adobe denies that Plaintiff has the right to re-define any of the class definitions except as permitted by applicable law, the Federal Rules of Civil Procedure, the local rules, and applicable orders of the Court.

228. Paragraph 228 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

229. Paragraph 229 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

230. Adobe admits that Plaintiff purports to bring this lawsuit as a class action on behalf of himself and others. The remaining allegations in Paragraph 230 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

231. Paragraph 231 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

232. Paragraph 232 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

233. Paragraph 233, including subparagraphs (a) through (m), asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

234. Paragraph 234 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

235. Adobe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the competency or experience of Plaintiff's counsel, and therefore denies the same. The remaining allegations in Paragraph 235 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

236. Paragraph 236 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

237. The Court dismissed Plaintiff's claims for injunctive and declaratory relief. Therefore, no response to Paragraph 237 is required. The allegations in Paragraph 237, including subparagraphs (a) through (c), also assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

238. Paragraph 238, including subparagraphs (a) through (f), asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**CALIFORNIA LAW APPLIES TO PLAINTIFF AND THE ENTIRE CLASS**

239. Paragraph 239 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

240. Paragraph 240 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

241. Paragraph 241 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

242. Adobe admits that its United States headquarters and principal place of business is in California. The remaining allegations in Paragraph 242 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

243. Paragraph 243 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

244. Paragraph 244 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**COUNT I**

**DECLARATORY JUDGMENT**

245-254. The Court dismissed Plaintiff's claim for declaratory relief. Therefore, no response to Paragraphs 245 through 254 is required.

**COUNT II**

**VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

**Cal. Civ. Code §§ 1750, *et seq.***

255-265. The Court dismissed Plaintiff's claim under the Consumer Legal Remedies Act ("CLRA"). Therefore, no response to Paragraphs 255 through 265 is required.

**COUNT III**

**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**

**Cal. Bus. & Prof. Code §§ 17500, *et seq.***

266. Adobe incorporates by reference its responses to Paragraphs 1 through 265 as if fully set forth herein. To the extent Paragraph 266 purports to incorporate allegations appearing after it, Adobe incorporates by reference its responses to those allegations.

267. Adobe admits that Plaintiff purports to bring this lawsuit individually and on behalf of a putative class. Adobe denies that this lawsuit may be maintained as a class action, and denies that Plaintiff or any putative class member is entitled to the relief sought.

268. Paragraph 268 asserts legal conclusions to which no response is required.

269. Paragraph 269 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

270. Paragraph 270 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

271. Adobe lacks knowledge or information sufficient to form a belief as to what Plaintiff or any putative class member relied on in deciding to enroll in an Adobe subscription, but denies the reasonableness of any such belief, and in any event denies the allegations for lack of information and belief. Adobe denies the remaining allegations in Paragraph 271.

272. Paragraph 272 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

273. Paragraph 273 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

274. Paragraph 274 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

275. Adobe admits that Plaintiff purports to seek the relief described in Paragraph 275. Adobe denies that Plaintiff or any putative class member is entitled to that relief, including because the Court dismissed Plaintiff's claim for injunctive and equitable relief.

**COUNT IV**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

276. Adobe incorporates by reference its responses to Paragraphs 1 through 275 as if fully set forth herein. To the extent Paragraph 276 purports to incorporate allegations appearing after it, Adobe incorporates by reference its responses to those allegations.

277. Adobe admits that Plaintiff purports to bring this lawsuit individually and on behalf of a putative class. Adobe denies this lawsuit may be maintained as a class action, and denies that Plaintiff or any putative class member is entitled to the relief sought.

278. Paragraph 278 asserts legal conclusions to which no response is required.

279. Paragraph 279 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

280. Adobe admits that the ABM plan has an initial one-year term and that, at portions of the relevant times, consumers who cancel an ABM plan during that term and more than 14 days after their paid subscription term began were subject to an early termination fee of up to 50 percent of the remaining payment obligation for that annual term, consistent with their contractual agreement with Adobe. The remaining allegations in Paragraph 280 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

281. Adobe denies that offering the customer-friendly option to pay an annual subscription in monthly installments creates an "impression" that the commitment may be breached without payment of an early termination fee, as contractually specified. Paragraph 281 otherwise asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

282. Paragraph 282 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

283. Paragraph 283 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

284. Paragraph 284 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

285. Paragraph 285 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

286. Paragraph 286 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

287. Paragraph 287 asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

288. Adobe admits that Plaintiff purports to seek the relief described in Paragraph 288. Adobe denies that Plaintiff or any putative class member is entitled to that relief, including because the Court dismissed Plaintiff's claim for equitable relief.

289. Adobe admits that Plaintiff purports to seek the relief described in Paragraph 289. Adobe denies that Plaintiff is entitled to that relief, including because the Court dismissed

Plaintiff's claim for injunctive relief. The remaining allegations in Paragraph 289 assert legal conclusions to which no response is required. To the extent a response is required, Adobe denies those allegations.

290. The Court dismissed Plaintiff's claims for injunctive and equitable relief. Therefore, no response to Paragraph 290 is required. Paragraph 290 also asserts legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief, including all subparts thereof, does not contain factual allegations to which a response is required. To the extent a response is required, Adobe denies that Plaintiff or any putative class member is entitled to any of the relief sought.

**DEMAND FOR JURY TRIAL**

Adobe acknowledges Plaintiff's jury demand but reserves the right to contest such demand at the appropriate time.

**AFFIRMATIVE DEFENSES**

By alleging the defenses set forth below, Adobe does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Each defense is asserted as to Plaintiff and as to each putative class member, and Adobe incorporates its responses above into each defense.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, because the Complaint, and each claim in it, fails to allege facts sufficient to state a claim against Adobe upon which relief may be granted on any of the claims asserted.

**SECOND AFFIRMATIVE DEFENSE**

**(Contractual Dispute Resolution)**

The Court lacks jurisdiction over Plaintiff's claims, and those of putative class members, because Plaintiff agreed in the Terms to resolve disputes with Adobe on an individual basis, either

in small claims court or in arbitration. Adobe does not waive, and expressly reserves, all rights under Section 14 of the Terms.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Comply with Informal Dispute Resolution)**

Notwithstanding the Court's Order on Adobe's Motion to Dismiss (Dkt. No. 50), Adobe preserves the affirmative defense. Plaintiff's claims, and those of putative class members, are barred, in whole or in part, by their failure to comply with the dispute-resolution requirements in Section 14.1 of the Terms.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff and putative class members lack standing to seek injunctive relief because Adobe is not currently violating or about to violate the California False Advertising Law or the California Unfair Competition Law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Notwithstanding the Court's Order on Adobe's Motion to Dismiss (Dkt. No. 50), Adobe preserves the affirmative defense. Plaintiff's claims, and those of putative class members, are barred, in whole or in part, to the extent they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Retroactive Application)**

Plaintiff's claims, and those of putative class members, are barred to the extent they rely on provisions of California's Automatic Renewal Law that were not in effect when class members enrolled, when Plaintiff enrolled in 2022, or when the other conduct Plaintiff challenges occurred, and that do not apply retroactively.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Not a Consumer "in this State")**

Plaintiff's claims, and those of putative class members, that are premised on California's Automatic Renewal Law are barred, in whole or in part, to the extent that Plaintiff and putative class members are not consumers in California.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's claims, and those of putative class members, are barred because Plaintiff and putative class members have adequate remedies at law, including pursuing their claims in the contractually designated forums.

**NINTH AFFIRMATIVE DEFENSE**

**(Disclosure, Consent, and Agreement to the Terms)**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, because the material terms of the subscription were disclosed to Plaintiff and putative class members, and because Plaintiff and putative class members consented to and agreed to them, including by clicking an "Agree and subscribe" button, and to Adobe's Terms of Use and Subscription and Cancellation Terms, before enrollment was completed.

**TENTH AFFIRMATIVE DEFENSE**

**(Offsets and Value Received)**

Any finding of monetary liability, including any restitution award, should be offset by the value of the products and services Plaintiff and putative class members received from Adobe, including the benefit of the ABM plan's decreased cost and any refunds paid to Plaintiff and putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Contractual Limitations)**

Notwithstanding the Court's Order on Adobe's Motion to Dismiss (Dkt. No. 50), Adobe preserves the affirmative defense. Plaintiff's claims, and those of putative class members, are

barred or limited, in whole or in part, to the extent enforceable and applicable, by the limitations of liability in the Terms.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Not a "Purchaser")**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, to the extent they did not purchase an Adobe subscription plan, did not attempt to cancel that plan, or did not pay any early termination fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Civil Penalties)**

Plaintiff and putative class members lack standing to seek, and cannot recover, civil penalties under the statutes on which the Complaint relies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Mootness)**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, as moot to the extent the practices Plaintiff challenges have changed, as the Complaint itself alleges.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Waiver, Equitable Estoppel, Laches)**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, and laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Severability)**

If any provision of the Terms is held unenforceable, which Adobe denies, that provision should be severed, and the remaining provisions of the Terms, including the class action waiver to the extent consistent with law, should be enforced.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The penalties and fines sought are unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S.

Const. Amend. VIII, the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the corresponding provisions of the California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Duplicate Relief)**

Plaintiff's claims, and those of putative class members, for injunctive, equitable, and monetary relief are barred or should be limited, stayed, or deferred in whole or in part to the extent they duplicate the relief, result in inconsistent obligations, and otherwise interfere with the settlement of *United States v. Adobe Inc.*, No. 5:24-cv-03630 (N.D. Cal.).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Causation in Fact)**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, as Adobe's actions alleged in the Complaint did not cause damages to Plaintiff, or putative class members, or cause a gain by Adobe.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

Plaintiff's claims, and those of putative class members, are barred, in whole or in part, as Adobe's actions alleged in the Complaint did not proximately cause damages to Plaintiff, or putative class members, or proximately cause a gain by Adobe.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Equitable Jurisdiction)**

Plaintiff's claims for restitution and any other form of monetary equitable relief are barred because Plaintiff has an adequate remedy at law and the Court therefore lacks equitable jurisdiction to award that relief.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Ability to Assert Nationwide Class Claims)**

Plaintiff cannot assert claims on behalf of a nationwide class because the laws of the putative class members' home states differ materially from California law, such that applying one state's law to the entire class would violate choice-of-law principles and the Due Process Clause

and would defeat the commonality, predominance, and superiority requirements of Federal Rule of Civil Procedure 23.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Standing to Assert Claims Based on Unpurchased Products)**

Plaintiff's claims are barred, in whole or in part, because he lacks standing to bring claims based on products he did not purchase.

**RESERVATION OF DEFENSES**

Adobe reserves the right to assert additional defenses as they become known through discovery or further proceedings in this action.

Dated: October 26, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: *_/s/ Joseph Farris_*
Douglas A. Winthrop
Jeremy T. Kamras
Joseph Farris
Tommy Huynh
Nina Leviten
Mark Raftrey

Counsel for Defendant
Adobe Inc.